682 So.2d 940 (1996)
Gloria STRACENER, Plaintiff-Respondent,
v.
The MILLERS CASUALTY INSURANCE COMPANY OF TEXAS, Defendant-Applicant.
No. W96-138.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*941 Kenneth Alfred Doggett, Alexandria, for Gloria Stracener.
L. Lyle Parker, Alexandria, for The Millers Casualty Insurance Company of Texas.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
This matter comes before this court on remand from the Louisiana Supreme Court in response to an application for writ of certiorari filed by defendant, The Millers Casualty Insurance Company of Texas (The Millers). This case arises out of a one-vehicle accident. The plaintiff, Gloria Stracener, claims that she was forced off the roadway by an unidentified vehicle. There was no contact between the vehicles and no witnesses to the accident, except plaintiff's daughter, Dawn Stracener, who was a guest passenger.
Gloria Stracener filed suit to recover uninsured/underinsured motorist benefits under a policy of insurance issued to Gloria Stracener by The Millers. Dawn Stracener filed a liability claim against The Millers alleging her mother to be at fault in causing the accident. Dawn Stracener's claim has been compromised. The Millers filed a summary judgment motion based on the policy language and the provisions of La.R.S. 22:1406(D)(1)(f). The trial court denied the motion. The Millers subsequently filed an application for writ of certiorari to this court which was denied. Thereafter, the supreme court granted writs and remanded to this court for briefing, argument and opinion.
We begin our review with an analysis of the policy and statutory language. The policy provides that if there is no physical contact with a hit-and-run vehicle, the insured must show, by an independent and disinterested witness, that the damage was the result of the actions of an unidentified motorist. La.R.S. 22:1406(D)(1)(f) provides:
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
(Emphasis added).
The sole issue before the court is whether the plaintiff's daughter is an independent and disinterested witness pursuant to La. R.S. 22:1406(D)(1)(f). We hold that she is not.
This is a case of first impression. We commence by stating that our legislature enacted this provision in order to discourage fraudulent claims by requiring proof of a miss-and-run accident by an independent and disinterested witness. Dawn Stracener was directly involved in the accident; she filed a liability claim arising out of the accident; she sought uninsured motorist benefits from The Millers. It is undisputed that at the time of the accident Dawn lived and had a close relationship with her mother and was in part financially dependent upon her mother.
In light of the above stated facts, we cannot say that Dawn Stracener is an independent and disinterested witness within the meaning of the statute. Dawn Stracener clearly stood to benefit financially from proof of a "phantom driver." A person who is dependent, either wholly or partially, upon one who stands to recover cannot be an independent and disinterested witness. Nor can a person who lives with and has a close relationship with one who stands to recover be considered a disinterested witness within the meaning of La.R.S. 22:1406(D)(1)(f).
The judgment of the trial court is reversed. The motion for summary judgment filed on behalf of The Millers Casualty Insurance Company of Texas is hereby granted, *942 and plaintiff's claim against The Millers is hereby dismissed with prejudice.
REVERSED.