729 So.2d 671 (1999)
Mary Ann COX
v.
Rosa MASUN, et al.
No. 98-CA-1857.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1999.
Writ Denied April 30, 1999.
*672 Robert P. Hogan, Madisonville, Louisiana, Jeffrey E. Richardson, Margaret M. Joffe, Adams and Reese, L.L.P., New Orleans, for defendants-appellees.
William E. Mura, Jr., Warren A. Forstall, Jr., New Orleans, Louisiana, for plaintiff-appellant.
BYRNES, J.
Plaintiff, Mary Ann Cox, sued for injuries allegedly sustained when the driver of the van in which she was riding allegedly without warning braked suddenly, throwing plaintiff to the floor. Plaintiff alleges that the driver of the van braked when an unknown vehicle unexpectedly pulled into the path of the van. Plaintiffs petition does not allege that the actions of the unknown vehicle were in any way negligent. No collision occurred and the "phantom" vehicle has never been identified. Plaintiff sued MGA Insurance Company as the liability insurer and as the uninsured/underinsured motorist insurer of the van in which she was a passenger; Economy Fire & Casualty Insurance Company as plaintiffs uninsured motorist carrier; Rosa Masun and Virginia Johnson as owners of the van and as the employers of Bobby Harris; and Bobby Harris as the driver of the van.
Prior to trial, plaintiff dismissed all defendants with the exception of MGA as the U.M. insurer of the van and Economy Fire & Casualty Insurance Company as plaintiffs personal U.M. insurer.
With the consent of all parties, the matter was submitted to the trial judge based on the depositions of the plaintiff, the driver of the van and Dr. Nutik along with the insurance policies. All parties were given the opportunity to submit post-trial memoranda. The trial judge rendered judgment dismissing plaintiffs claims and subsequently denied plaintiffs motion for a new trial. Plaintiff appealed. We affirm.
The trial court ruled that the plaintiff failed to prove that the van was insured by MGA. A prerequisite for the successful prosecution of plaintiffs claim for uninsured motorist coverage is the making of a successful case proving that an uninsured motorist was at fault in causing the accident. The foundation *673 of any such case must necessarily be based on allegations to that effect. But plaintiffs petition and amended petitions make no such allegations. The second numbered paragraph of plaintiffs original petition mentions that a phantom vehicle "crossed lanes into traffic in front of the van" but makes no allegation of negligence or causation in connection therewith. The only implication of negligence contained in that paragraph is not directed at the phantom vehicle, but to the van in which the plaintiff was a passenger was driving which plaintiffs petition alleged was being driven "at an excessive rate of speed." In the sixth numbered paragraph of her original petition, plaintiff specifically alleged that her injuries were caused by the negligence of the driver and owners of the van and described what those acts of negligence were. Plaintiff failed to allege any acts of contributory negligence on the part of the "phantom" driver.
In plaintiff's First Supplemental and Amending Petition For Damages, plaintiff added MGA as a defendant as the insurer of Virginia's Medical Transportation, but made no mention of the phantom driver.
In plaintiff's Second Supplemental And Amending Petition, plaintiff names MGA as the underinsured/uninsured insurer of Virginia's Medical Transportation, but again fails to make any reference to the phantom vehicle.
The mere naming of a U.M. carrier defendant in not sufficient to establish negligence and causation on the part of a phantom vehicle in the absence of any allegations of negligence or causation on the part of the phantom vehicle. This is especially true where the only allegations of negligence and causation directly and by implication indicate that plaintiffs alleged injuries were caused entirely through the fault of parties other than the phantom vehicle. Plaintiffs allegations are not sufficient to support a finding of phantom vehicle fault, even if such fault could be demonstrated.
The only information in the record about the facts of the accident is contained in the depositions of the plaintiff and the driver. Neither of them could identify the van in which the plaintiff was a passenger with sufficient certainty to enable the trial court to determine whether the van was one of the vans listed in the MGA insurance policy. Plaintiff offered no other evidence concerning the identity of the van. We cannot say that the trial court was manifestly erroneous in finding that plaintiff failed to prove that the van was insured by MGA.
The trial court found plaintiff could not recover from her own uninsured motorist carrier, Economy, because LSA-R.S. 22:1406(D)(1)(f) requires that when there is no contact between the vehicles, proof of the negligence of the phantom vehicle must be made by an independent and disinterested witness. It is undisputed that the deposition testimony of the plaintiff does not meet the requirements of LSA-R.S. 22:1406(D)(1)(f). The only other testimony about causation of the accident came from the deposition of the driver of the van who was a defendant at the time he was deposed.[1] It is undisputed that he was not a disinterested witness at the time of his deposition. The trial court held, and we agree that where deposition testimony is used in lieu of live testimony, the independent status of the witness under LSA-R.S. 22:1406(D)(1)(f) is to be determined at the time he gives his deposition, not the time at which his deposition may be used at trial. This same reasoning applies to plaintiffs claim against MGA for U.M. coverage, although the trial court did not specifically refer to MGA when analyzing this issue.
We find no merit in plaintiffs contrary argument that the language of LSA-C.C.P. art. 1450 implies that we should evaluate the disinterestedness of a witness at the time the deposition is offered at trial in lieu of live testimony[2], rather than at the time *674 that the witness-defendant was deposed. O'Boyle v. Piglia, 95-990 (La.App. 5 Cir. 2/27/96); 670 So.2d 1339, is inapposite. In O'Boyle the plaintiff settled with the witness-defendant prior to the time that witness testified. The O'Boyle court found that under those circumstances the witness was disinterested when he testified at trial even though he had not yet been dismissed formally from the case. In view of the settlement, at the time the witness in O'Boyle testified he was a defendant only in a technical sense in name only, but in reality and in substance he was disinterested, i.e., he had no further interest in the outcome of the case. Economy makes the excellent point that the fact that Harris' deposition testimony is introduced at trial minutes after plaintiff dismissed her claims against him does not somehow magically transform his biased deposition testimony into that of a disinterested witness. Additionally, Economy points out that even though the plaintiff may have dismissed her claims against Harris at the time of trial, Economy did not dismiss its cross-claim.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff did not offer the testimony of the only potentially disinterested witness, Barbara Flowers, plaintiff's fellow guest passenger.
[2] At the same time that the parties agreed to submit the case on depositions, the plaintiff dismissed her case against, among others, the driver, Bobby Harris, retaining as the only defendants MGA and Economy in their capacity as U.M. carriers. Plaintiff contends that her dismissal of Harris as a defendant made him a disinterested party at the time of trial. Plaintiff argues that it is this independent status at the time of trial that should determine the way the trial court and this Court should view his deposition testimony. We disagree.