802 So.2d 659 (2000)
Stephen SCHOLLNICK
v.
John DOE and G.E.I.C.O. Insurance Company.
No. 00-CA-68.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2000.
Anthony S. Taormina, The Law Offices of Anthony Taormina, P.L.C., Metairie, Louisiana, for plaintiff-appellant.
Jazmine A. Duarte, New Orleans, Louisiana, for defendant-appellee.
GRISBAUM, Chief Judge.
Plaintiff-appellant, Stephen Schollnick, appeals the trial court's judgment granting defendant-appellee's (GEICO Insurance Company) motion for summary judgment and dismissing his uninsured motorist claims against GEICO. We affirm.

ISSUE
We are called upon to determine whether the trial judge erred in finding that the plaintiff failed to provide an independent and disinterested witness who could testify that the plaintiffs injuries resulted from the actions of a "phantom" driver. And thus, whether the trial judge erred in granting the defendant's motion for summary judgment.

FACTS AND PROCEDURAL HISTORY
This appeal arises from a traffic accident between Michael S. Barnhart, who was driving a Kenworth customized semi and pulling a 40-foot boat, and Stephen Schollnick, who was driving a 1991 Toyota Tercel. The accident occurred on Veterans Boulevard when Mr. Schollnick swerved and struck the eighteen-wheeler Mr. Barnhart was driving. Mr. Schollnick contends that a rust colored Nissan, without warning, changed into his lane causing him to swerve and strike Mr. Barnhart. He contends that this recklessly driven phantom vehicle was the cause of the accident. Mr. Schollnick filed suit against GEICO and John Doe seeking to recover for his damages under the uninsured motorist provision of his insurance policy. GEICO filed a motion for summary judgment arguing that under La.R.S. 22:1406, the plaintiff, to recover under the uninsured motorist provision of his insurance *660 policy, must provide an independent and disinterested witness to testify that a phantom vehicle caused the accident. Because the plaintiff could not provide such a witness, GEICO argued that his claims should be dismissed. The trial judge granted GEICO's motion for summary judgment finding that the plaintiff could not provide a independent and disinterested witness to testify that a phantom vehicle caused him to swerve and hit Mr. Barnhart and thus caused the accident. Plaintiff appeals this judgment.

LAW AND ANALYSIS
The Louisiana Legislature has set forth the following requirements for recovery for bodily injury under the uninsured motorist provision of an automobile policy:
(f) Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
La.R.S. 22:1406(D)(1)(f) (emphasis added).
For an insured to recover under his uninsured motorist coverage, this statute requires that a witness, who is neither influenced by others nor by any selfish motives and who was an eyewitness to the accident, testify that an unknown vehicle caused the accident in question.
The appellant contends that Mr. Barnhart, the driver of the eighteen-wheeler, is an independent and disinterested witness who can testify that a phantom vehicle caused the accident. Mr. Barnhart stated in his deposition that he saw another vehicle being driven erratically but that he didn't see that vehicle pull into Mr. Schollnick's lane and cause Mr. Schollnick to swerve and hit him. The trial judge found that this was insufficient to show that the accident was caused by another unknown driver because Mr. Barnhart did not see the phantom vehicle swerve towards Mr. Schollnick.
We also find this testimony insufficient to show that Mr. Schollnick's injury and this accident was the result of another unknown driver. Mr. Barnhart's testimony simply establishes that another vehicle was being driven recklessly not that it in any way caused this accident. We believe more is required to meet the burden of proof set forth in La.R.S. 22:1406(D)(1)(f). Accordingly, we find no genuine issue of material fact exists and that GEICO is entitled to judgment as a matter of law.
For the reasons assigned, we affirm the trial court's judgment granting GEICO's summary judgment motion. We order that the parties bear their own costs of this appeal.
AFFIRMED.