UGONZALES, J.
The plaintiff, Rev. James Snowden, was driving an 18-wheeled tractor-trailer loaded with gravel on August 12, 1999. As he came into a curve in the road, he was met by another automobile that had crossed the highway median and was headed directly into his path. In an effort to avoid a collision, Rev. Snowden steered his tractor-trailer to the shoulder of the road, drove down into the ditch and up an embankment, and the vehicle flipped. Rev. Snowden sustained serious injuries and was air lifted to Our Lady of the Lake Regional Medical Center, where he stayed for six days. There were no witnesses to the accident, and the phantom vehicle was never identified.
Thereafter, on July 28, 2000, Rev. Snow-den filed suit against Voyager Indemnity Insurance Company (Voyager Indemnity), his underinsured/uninsured motorist carrier. He asserted that the policy had a $100,000.00 per accident coverage limit that was in full force and effect at the time of his accident. He asserted that he had made demand upon the insurer for tender of the policy’s limits more than sixty days earlier, as required by La. R.S. 22:658 and La. R.S. 22:1220, and that no tender had been made.
Rev. Snowden asked for damages for past, present and future medical expenses; past, present and future pain and suffering and mental anguish; past, present and future loss of quality of life; past, present and future loss of income; and for permanent physical and anatomical disability. His wife, Gloria M. Snowden, asked for damages for loss of consortium. Rev. Snowden also asserted that Voyager Indemnity had failed to make a good faith effort to settle the case; thus, penalties and attorneys fees should be assessed.
Voyager Indemnity answered the petition generally denying the plaintiffs claims and asserting that the accident was caused by Rev. Snowden’s fault and/or legal negligence in failing to keep his vehicle under control, failing to keep a proper lookout, failing to drive safely under the conditions, and other acts of negligence to be shown at trial.
Further, Voyager Indemnity asserted that Rev. Snowden failed to carry his burden of proof in this uninsured motorist claim under La. R.S. 22:1406(D)(l)(f), wherein the 1 ^plaintiff bears the burden of proving, by an independent, uninterested witness, that the injury was a result of the actions of a driver of another vehicle whose identity is unknown or who is un-derinsured or uninsured; thus, a dismissal of plaintiffs suit at his cost should be granted.
Voyager Indemnity also moved for summary judgment, asserting that the *1225 nonexistence of an independent and disinterested witness constituted a lack of an essential element of the plaintiffs claim; thus, it was entitled to summary judgment as a matter of law. In opposition to the motion for summary judgment, Rev. Snowden introduced photographs of the accident scene, his own written statement to the Port Vincent Police Department, and the affidavit of an accident recon-structionist hired by Rev. Snowden, Victor F. Summers. The affidavit of Mr. Summers, which relied in large part upon an interview with Rev. Snowden, concluded that accident was caused by Rev. Snowden taking evasive action to avoid a collision with an unknown vehicle.
The trial court denied the motion for summary judgment. Voyager Indemnity moved for a stay of the proceedings and sought expedited application for supervisory writs from this court. On February 28, 2001, this court denied the request for expedited consideration stating “This request can be reurged if the trial court lifts the stay it granted as part of the return date order and sets the hearing on the motion for summary judgment in regard to liability.” Rev. James Snowden v. Voyager Indemnity Insurance Company, 2001 CW 0359 (La.App. 1 Cir. 2/28/01).
Thereafter, on June 20, 2001, this court denied writs on the showing made. Rev. James Snowden v. Voyager Indemnity Insurance Company, 2001 CW 0359 (La.App. 1 Cir. 6/20/01). Judge Gonzales dissented, stating “The expert witness presented by plaintiff does not fall within the parameters of an independent and disinterested witness as required by the statute because he was hired by the plaintiff to represent his position.”
Voyager Indemnity applied for supervisory and/or remedial writs to the Louisiana Supreme Court, which granted writs and remanded the case to this court for briefing, | ¿argument and opinion. Rev. James Snowden v. Voyager Indemnity Insurance Company, 2001 CC 2103 (La. 11/9/01), 801 So.2d 374.
On remand, Voyager Indemnity makes the following assignment of error:
1. The trial court erred in denying the Motion for Summary Judgment filed on behalf of defendant, VOYAGER INDEMNITY INSURANCE COMPANY, because the plaintiff lacks factual support for an essential element of its claim for uninsured motorist benefits.
Voyager Indemnity contends that an accident reconstructionist, who is hired by the plaintiff and bases his report upon information provided by the plaintiff, is not an independent and disinterested witness as contemplated by La. R.S. 22:1406(D)(l)(f).
An appellate court’s review of a summary judgment is a de novo review based upon the evidence presented at the trial court level and using the same criteria used by the trial court in deciding whether a summary judgment should be granted. Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 913-914.
It is well settled that summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, show that there is no genuine issue of fact and that the mover is entitled to judgment as a matter of law. The summary judgment is a favored procedure and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966; Lorraine v. Nolty J. Theriot, Inc., 98-0479 (La.App. 1 Cir. 4/1/99), 729 So.2d 1160, 1162, writ denied, 99-1251 (La.6/18/99), 745 So.2d 30.
If the moving party proves there is an absence of factual support for one or more elements essential to the adverse party’s *1226 claim, action or defense, then the nonmov-ing party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
In 1991, the legislature amended La. R.S. 22:1406(D)(l)(f) to mandate “miss and run” coverage under limited circumstances. Prior to that time, the legislature did not require insurance companies who sold uninsured motorist policies to include coverage for |s“miss and run” accidents. Thibodeaux v. Doe, 602 So.2d 1076, 1079 (La.App. 1 Cir.), writ denied, 605 So.2d 1377 (La.1992).
However, the injured party bears the burden of proving that this “miss and run” accident occurred. Eudy v. State Farm Mutual Auto. Insurance Company, 620 So.2d 405, 408 (La.App. 1 Cir.), writ denied, 625 So.2d 1041 (La.1993).
Louisiana Revised Statute 22:1406(D)(l)(f) provides:
Uninsured motorist-coverage shall include coverage for bodily injury arising out of a motor vehicle. accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested, witness, that the injury was the result of the actions. of the driver of another vehicle whose identity is unknown or who is uninsured or un-derinsured.
In opposition to Voyager Indemnity’s motion for summary judgment, Rev. Snow-den offered the affidavit of Mr. Summers which states “it is more probable than not ... that the subject accident was the result of a deliberate attempt by Rev. Snowden to avoid a collision with an unknown vehicle.” (Emphasis in original.) The affidavit indicates that Mr. Summers obtained key information from Rev. Snowden in order to form his opinion that the accident was more probably than not caused by an unidentified driver. Mr. Summers’ report assumes that Rev. Snow-den’s vehicle ran off the road in an evasive maneuver in order to avoid a phantom vehicle, relying upon Rev. Snowden’s version of events to reach that conclusion.
The main case relied upon by Voyager Indemnity, Jackson v. State Farm Mutual Automobile Insurance Company, 27,611 (La.App. 2 Cir. 12/6/95), 665 So.2d 661, is factually similar to the case at hand. In Jackson, the plaintiff allegedly veered his vehicle into a ditch to avoid an oncoming car. The phantom car did not stop, and the identity of the car and driver was never ascertained. Plaintiff drove home, reported the accident to her insurance company, and then called several friends to discuss the accident. State Farm denied coverage under plaintiffs UM policy and plaintiff filed suit.
State Farm filed a motion for summary judgment, alleging that plaintiff could not meet her burden of proof by an independent and disinterested witness that the actions of | fian unknown driver caused her injuries. The plaintiff opposed the motion, asserting that the individuals she spoke to after the accident were independent and disinterested witnesses.
■ The court noted that neither the statute nor the insurance policy defined “independent and disinterested witness” and, therefore, attributed to each word its ordinary meaning. The court determined that the people plaintiff telephoned after the accident were not independent because the only information concerning the accident that they possessed was controlled by *1227 what the plaintiff relayed to them. Moreover, the court found that the individuals were not witnesses because they did not personally observe the accident.
Thus, the court granted State Farm’s motion for summary judgment and dismissed plaintiffs action, since she could not provide an independent and disinterested witness to prove her injuries were the result of a “miss and run” accident. The Jackson case is in agreement with cases from the third, fourth, and fifth circuits, which required witnesses who were not financially dependent on the plaintiff and/or had nothing to gain by offering testimony that a'phantom vehicle caused the accident at issue.
In Stracener v. Millers Casualty Insurance Company of Texas, 96-138 (La.App. 3 Cir. 11/6/96), 682 So.2d 940, the sole issue before the court was whether the plaintiffs daughter was an independent and disinterested witness pursuant to La. R.S. 22:1406(D)(l)(f). The Stracener court noted that the legislature enacted that statute in order to discourage fraudulent claims.
In that case, the plaintiff claimed she was forced off the road by an unidentified vehicle. There was no contact between the vehicles, and no witness to the accident except the plaintiffs daughter, who was a guest passenger. The daughter had filed a liability claim arising out of the accident seeking uninsured motorist benefits, she lived with and had a close relationship with her mother, and she was in part financially dependent upon her mother.
[7The Stracener court found that the daughter stood to benefit from proof of a “phantom driver” and stated that a person who is dependent, partially or wholly, upon one who stands to recover cannot be an independent and disinterested witness. In Cox v. Masun, 98-1857 (La.App. 4 Cir. 2/10/99), 729 So.2d 671, writ denied, 99-0682 (La.4/30/99), 741 So.2d 15, the plaintiff sued for injuries allegedly sustained when the driver of the van in which she was riding braked suddenly to avoid a phantom vehicle pulling into its path. There was no contact between the vehicles, and the phantom vehicle was never identified. The plaintiff sued her own insured/underinsured motorist carrier, among others. The trial court dismissed plaintiffs claims, and she appealed that decision.
The Cox court affirmed the trial court judgment, finding that the testimony of the driver of the van, who was a defendant at the time he was deposed, did not meet the requirements for an independent and disinterested witness under La. R.S. 22:1406(D) (1) (f).
In Schollnick v. Doe, 00-68 (La.App. 5 Cir. 5/30/00), 802 So.2d 659, the plaintiff contended that a phantom vehicle driving recklessly changed into his lane without warning, causing him to swerve and hit an 18-wheeler. The plaintiff filed suit against his uninsured motorist carrier seeking to recover for his damages. The insurer filed a motion for summary judgment, asserting that plaintiff could not provide an independent and disinterested witness under La. R.S. 22:1406(D)(l)(f). The trial court granted summary judgment, and the plaintiff appealed.
On appeal, the plaintiff asserted that the driver of the 18-wheeler was an independent and disinterested witness who could testify that a phantom vehicle caused the accident. The driver of the 18-wheeler stated in his deposition that he saw another vehicle being driven erratically, but did not see it pull into the plaintiffs lane and cause him to swerve. The Schollnick court found that this testimony simply established that another vehicle was being driven erratically, but not that it caused *1228 the accident. Thus, the court ruled that the testimony did not meet the burden of proof set forth in La. R.S. 22:1406(D)(l)(f) and affirmed the summary judgment.
| ¡¡Rev. Snowden asserts that all of these cases can be factually distinguished from his case and, further, that Mr. Summers should qualify as an independent and disinterested witness under La. C.E. art. 702.
Although the facts of these cases may differ from the facts of the case at hand, no case has been cited by Rev. Snowden, or found by this court, which supports an interpretation of La. R.S. 22:1406(D)(l)(f) that would find an expert hired by a party to a lawsuit meets the definition of an “independent and disinterested witness.”
Further, the issue herein is not whether Mr. Summers could qualify as an expert witness at trial under La. C.E. art. 702, but whether Rev. Snowden has met his burden of establishing by sufficient evidence, the existence of an “independent and disinterested witness” as required by La. R.S. 22:1406(D)(l)(f) in order to avoid the granting of a summary judgment in favor of Voyager Indemnity. In other words, plaintiff has failed in his burden to establish within the affidavit sufficient evidence to classify the expert as an “independent and disinterested witness.”[1]
Assuming the statute at hand applies to summary judgments,[2] and assuming an expert’s affidavit not based on personal knowledge is admissible in a summary judgment,[3] Mr. Summers was hired by Rev. Snowden to represent his position at trial; thus, we find that he is not an independent and disinterested witness to the accident as required by La. R.S. 22:1406(D)(l)(f). We note that other inherently reliable evidence, such as a videotape of the accident, if such were available, should be allowed to substantiate the claim of a phantom vehicle.
1 ciTherefore, for the foregoing reasons, the trial court judgment denying Voyager Indemnity’s motion for summary judgment is REVERSED, and summary judgment is GRANTED in favor of Voyager Indemnity. Costs are assessed against Rev. Snowden.
GONZALES, J., also concurs and assigns reasons.

. This is not to say that, automatically, every expert is classified as failing to fall within the category of "independent and disinterested” witness. It is simply to say that in this case, plaintiff's affidavit has failed to so establish.

. We note that La. R.S. 22:1406(D)(1)(f) was amended to require an independent and disinterested witness to "miss and run” accidents in 1991. However, La. C.C.P.art. 966 was not amended to favor summary judgments until 1996; thus, this statute was probably intended by the Legislature to apply at trial on the merits of a case.

.See Simmons v. Berry, 779 So.2d 910 and Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 2257 (La.2/29/00), 755 So.2d 226.