loGAIDRY, J.
In this suit involving an insurance coverage dispute, Sidney Wheat appeals a trial court judgment granting summary judgment in favor of National General Insurance Company, Wheat’s uninsured motorist carrier. We reverse.
FACTS AND PROCEDURAL HISTORY
On May 19, 1998, at approximately 1:00 a.m., Sidney Wheat was driving on Louisiana Highway 22 in Tangipahoa Parish with his ex-wife, Ann Wheat, in the passenger seat and his sister, Martha Temples, in the back seat. Wheat’s vehicle struck some *85 thing in the roadway, causing him to lose control and leave the roadway, ultimately traveling down a steep incline and striking several trees. All three occupants of the vehicle were injured.
Sidney Wheat, Ann Wheat, and Martha Temples all testified that they did not see anything in the roadway before the-impact, and Sidney Wheat testified that he initially thought he had been hit from behind by another vehicle. However, when Trooper Clay Smith arrived on the scene to investigate the accident, he discovered that Sidney Wheat’s vehicle had struck a vehicle transmission that had been left in the roadway. Trooper Smith determined that the transmission that caused the accident was not the transmission from the Wheat vehicle.
Sidney Wheat filed a claim with National General Life Insurance Company (National), his automobile liability insurer, under the uninsured motorist coverage. National denied the claim, and this suit followed. National filed a motion for summary judgment, alleging that Sidney Wheat was not entitled to coverage under the terms of the policy, and the trial court granted the motion. Sidney Wheat appealed, alleging that the trial court | misinterpreted the law in finding that he was not entitled to coverage under the policy and therefore erred in granting summary judgment.
DISCUSSION
An appellate court’s review of a summary judgment is a de novo review based upon the evidence presented at the trial court and using the same criteria used by the trial court in deciding whether a summary judgment should be granted. Simmons v. Berry, 98-0660, p. 4 (LaApp. 1 Cir. 12/22/00), 779 So.2d 910, 913-914.
It is well settled that summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of fact and that the mover is entitled to judgment as a matter of law. Summary judgment is a favored procedure and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966; Lorraine v. Nolty J. Theriot, Inc., 98-0479, p. 5 (La.App. 1 Cir. 4/1/99), 729 So.2d 1160, 1162, writ denied, 99-1251 (La.6/18/99), 745 So.2d 30.
If the moving party proves that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
In 1991, the legislature amended La. R.S. 22:1406(D)(l)(f) to mandate “miss and run” coverage under limited circumstances. Prior to that time, the legislature did not require insurance companies who sold uninsured motorist policies to include coverage for “miss and run” accidents. Thibodeaux v. Doe, 602 So.2d 1076, 1079 (La.App. 1 Cir.), writ denied, 605 So.2d 1377 (La.1992).
However, the injured party bears the burden of proving that this “miss and run” accident occurred. Eudy v. State Farm Mutual Automobile Insurance Company, 620 So.2d 405, 408 (La.App. 1 Cir.), unit denied, 625 So.2d 1041 (La.1993).
Louisiana Revised Statute 22:1406(D)(l)(f) provides:
Uninsured motorist-coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical *86 contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or un-derinsured.
The language of National’s policy regarding uninsured motorist coverage follows closely the language of La. R.S. 22:1406(D)(l)(f):
If there is no physical contact with the hit-and-run vehicle, the “insured” must show, by an independent and disinterested witness, that the “bodily injury” was the result of the actions of an unidentified motorist.
National’s motion for summary judgment alleged that there was no physical contact with a hit-and-run vehicle and Sidney Wheat could not prove by an independent and disinterested witness that his injuries were the result of the actions of an unidentified motorist.
In opposition to National’s motion for summary judgment, Sidney Wheat offered the affidavit of Trooper Clay Smith, in which Smith stated that his investigation revealed that the cause of the accident was a transmission left in the roadway by another vehicle. Trooper Smith pointed out that the transmission did not come from Wheat’s vehicle.
|fiIn granting National’s motion for summary judgment, the trial court found that Pinkney v. Progressive Specialty Insurance Company, 597 So.2d 1168 (La.App. 1 Cir.1992), was controlling, and interpreted Pinkney as requiring that an independent and disinterested witness actually see what caused the accident, as opposed to coming onto the scene later and determining the cause of the accident. The court held that because Trooper Smith did not actually see Wheat’s vehicle strike the transmission, the requirements of La. R.S. 22:1406(D)(l)(f) and the policy were not satisfied.
In Pinkney, an insured brought an action against his uninsured motorist carrier, seeking to recover for injuries he received when he swerved his motorcycle to avoid a log that had apparently fallen from an unknown vehicle onto the roadway. At trial, Pinkney presented the testimony of the driver of a vehicle traveling two cars behind him at the time of the accident. That driver testified that the first thing he saw at the time of the accident was Pink-ney’s airborne motorcycle. After swerving to avoid hitting Pinkney or anything else, the driver saw the log, which was still rolling, in the roadway. The driver testified that he remembered seeing a truck several hundred yards ahead of Pinkney carrying some trash, but he did not see the log come off of that truck. The trial court found that it was more probable than not that the log came from a vehicle because that portion of the interstate was elevated, with no overhanging trees, and the only method of pedestrian access to that area would be for someone to walk up an exit ramp approximately one-half mile away. On appeal, the first circuit held that the trial court’s factual finding that the log came from a vehicle, combined with the independent, disinterested testimony of the driver of the vehicle traveling behind Pinkney |7that he saw the motorcycle in the air and then the log rolling on the roadway, satisfied the requirements for the uninsured motorist coverage.[1] Id.
*87 The Pinkney court did not hold that La. R.S. 22:1406(D)(l)(f) requires an independent, disinterested witness who actually saw the accident and its cause. The witness in Pinkney did not see Pinkney’s motorcycle strike the log; he saw Pink-ney’s motorcycle in the air and then saw the log rolling in the roadway. The witness drew the conclusion from these facts, as did the court, that Pinkney’s motorcycle had struck the log, causing it to become airborne. The trial court erred in finding that the Pinkney holding required that Trooper Smith actually see Wheat’s vehicle strike the transmission.
Furthermore, there is nothing in the language of La. R.S. 22:1406(D)(l)(f) requiring that the witness actually see the accident occur. The statute only requires that the claimant prove, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle.
Although La. R.S. 22:1406(D)(1)(f) does not define “independent and disinterested witness,” the phrase has been interpreted by the courts. In Jackson v. State Farm Mutual Automobile Insurance Company, 27,611 (La.App. 2 Cir. 12/6/95), 665 So.2d 661, the court held that an “independent and disinterested witness” must not be influenced or controlled by others in matters of opinion and conduct and must be unbiased by personal interest or advantage. In Jackson, there were no witnesses to the accident, but the plaintiff went home afterwards and called her insurance company and several friends and described what had happened. The court found that there |swas no independent and disinterested witness because the people plaintiff telephoned did not witness anything for themselves and got all of their information from the plaintiff.
In Snowden v. Voyager Indemnity Insurance Company, 01-0359 (La.App. 1 Cir. 5/24/02), 825 So.2d 1223, writ denied, 02-1710 (La.10/04/02), 826 So.2d 1127, this court held that the plaintiffs expert witness, an accident reconstructionist who testified that the accident was the result of an attempt by the plaintiff to avoid a collision with an unknown vehicle, was not an independent and disinterested witness. Specifically, the court found that the plaintiffs expert witness was not independent because he obtained key information about the accident from the plaintiff and was not disinterested because he was hired by the plaintiff. The court in Snowden noted, however, that not all expert witnesses automatically fail to qualify as independent and disinterested; rather, under the particular facts of that case, plaintiffs own paid accident reconstructionist failed to qualify. See also Stracener v. Millers Casualty Insurance Company of Texas, 96-138 (La.App. 3 Cir. 11/6/96), 682 So.2d 940 (Plaintiffs daughter, who was a guest passenger in the vehicle and also made a claim for uninsured motorist benefits, was not an “independent and disinterested witness” who could testify that a phantom driver caused the accident, where the daughter stood to benefit from proof of a phantom driver and lived with and was financially dependent upon her mother.), and Cox v. Masun, 98-1857 (La.App. 4 Cir. 2/10/99), 729 So.2d 671, writ denied, 99-0682 (La.4/30/99), 741 So.2d 15 (Driver of vehicle, who was also made a defendant in *88 the action filed by his guest passenger, was not an independent and disinterested witness because he stood to benefit from proof of a phantom driver.).
IsTrooper Clay Smith was an independent and disinterested witness. Trooper Smith stated in his affidavit that his investigation revealed that the transmission left in the roadway caused the accident involving the Wheat vehicle. Trooper Smith did not get this information from Sidney Wheat; in fact, Wheat testified that he thought he had been struck from behind by another vehicle until Trooper Smith told him that he had struck a transmission left on the road. Additionally, Trooper Smith does not stand to benefit from proof that the accident was caused by another vehicle dropping a transmission in the roadway. Finally, like the witness in the Pinkney case, although Trooper Smith did not see the vehicle strike the transmission, he did view the accident scene soon thereafter and was able to conclude that the Wheat vehicle had struck the transmission.
It is clear that the transmission found in the roadway in this case was left there by another vehicle. Trooper Smith testified that the transmission was not from the Wheat vehicle, and a transmission is much too heavy for a pedestrian to have carried onto the roadway. The only reasonable explanation is that the transmission was dropped on the road by another vehicle. Adding to the likelihood of this theory is the fact that there is a junkyard located a short distance away from the spot where the transmission was found. Thus, Trooper Smith is an independent and disinterested witness whose testimony that the accident was caused by Wheat’s vehicle striking a transmission left in the road connects Wheat’s injuries to the driver of another vehicle whose identity is unknown. This satisfies the requirements of both La. R.S. 22:1406(D)(l)(f) and the insurance policy, and therefore the trial court erred in granting National’s motion for summary judgment.
|inDECREE
The trial court judgment granting National’s motion for summary judgment is reversed. Costs of this appeal are assessed to defendant, National General Insurance Company.
REVERSED.

. Although the court in Pinkney found that the amendment to La. R.S. 22:1406(D)(1)(f) was not retroactive,- and thus was not applicable to the case, the amendment rejecting the *87 physical contact requirement in uninsured motorist cases did represent public policy expressed by the legislature and thus could be considered by the court in deciding the case. Furthermore, the Pinkney court noted that although the plaintiff must prove that the injury is the result of the actions of the unknown driver, the legislature did not adopt the jurisprudential rule requiring an unbroken chain of events "occurring in a continuous sequence." Pinkney at 1172.