# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-667


ANITA JOHNSON, ET AL.

VERSUS

STATE FARM INSURANCE CO.


**********


APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 4-0522
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE


**********


## ELIZABETH A. PICKETT
## JUDGE


**********


Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.


**AFFIRMED AS AMENDED.**

Bonita K. Preuett-Armour
Rebecca Boyett
Armour Law Firm
P. O. Box 710
Alexandria, LA 71309
(318) 442-6611
  Counsel for Defendant-Appellant:
  State Farm Insurance Co.


Cory Paul Roy
Beau R. Layfield
Law Offices of Cory B. Roy
P. O. Box 544
Marksville, LA 71351
(318) 240-7800
  Counsel for Plaintiffs-Appellees:
  Anita Johnson
  Thomas Crawford

**PICKETT, Judge.**

The defendant-appellant, State Farm Mutual Automobile Insurance Company (State Farm), appeals a judgment finding State Farm's UM policy issued to Anita Johnson provided coverage for an accident involving a phantom tortfeasor and awarding damages to the plaintiffs, Anita Johnson, Adrienne Johnson, and Scott Crawford.

## STATEMENT OF THE CASE

On the night of June 6, 2004, Thomas Crawford was driving a vehicle owned by Anita Johnson on the Pineville Expressway exit of I-49 North in Alexandria. Anita Johnson and her minor daughter Adrienne Johnson were passengers in the vehicle. While traveling in the far left lane, they hit a guardrail and went down the embankment. The car was disabled, and all three suffered injuries for which they were transported by ambulance to the hospital.

Ms. Johnson, individually and on behalf of her daughter Adrienne, and Mr. Crawford sued her insurer State Farm pursuant to the uninsured motorist coverage included in her policy. They alleged that a grey vehicle moving at a high rate of speed suddenly moved from the right lane into the left lane of traffic on the exit ramp and caused them to have to take evasive action which resulted in their running off the road, into the guardrail, and down the embankment. They were unable to identify the vehicle or the driver. State Farm denied coverage, alleging that there was no independent and disinterested witness as required by the policy and La.R.S. 22:1295(1)(f) to recover for damage from a "phantom tortfeasor."

1

The case was tried on February 22, 2008. At that trial, the plaintiffs were unable to produce Jordy Jefferson, whom they claimed witnessed the accident. The trial court kept the record open in order to allow the plaintiffs to find Mr. Jefferson. The trial resumed on October 17, 2008, at which time Mr. Jefferson testified that he was traveling on the exit ramp ahead of the plaintiffs, he saw a vehicle rapidly approach both cars from behind and then move into the left lane at which time the plaintiff's headlights disappeared. The car then passed Mr. Jefferson's vehicle at a high rate of speed.

The trial court found Mr. Jefferson's testimony to be credible, found that the State Farm policy provided coverage, and awarded damages. In written reasons for judgment signed on January 23, 2009, Mr. Crawford was awarded $5,251.12 in medical damages and $8,500.00 in general damages, Ms. Johnson was awarded $2,528.40 in medical damages and $5,000.00 in general damages, and Adrienne was awarded $2,015.80 in medical damages and $5,000.00 in general damages. A judgment in conformity with the written reasons was signed on March 20, 2009. State Farm now appeals.

**ASSIGNMENTS OF ERROR**

State Farm asserts four assignments of error:

1. The trial court found it sufficient to find Jordie Jefferson to be a "credible" witness, not an "independent and disinterested" witness, as required by La.R.S. 22:1295(1)(f).

2. The trial court erred when finding that Jordie Jefferson could serve as a witness necessary for the plaintiffs to recover uninsured motorist benefits pursuant to La.R.S. 22:1295(1)(f).

2

3.	The trial court erred when finding that Jordie Jefferson could serve as *an independent and disinterested witness* necessary for the plaintiffs to recover uninsured motorist benefits pursuant to La.R.S. 22:1295(1)(f).

4.	The trial court erred in making general damage awards to Thomas Crawford in the amount of $8,500.00, Anita Johnson in the amount of $5,000.00, and Adrienne Johnson in the amount of $5,000.00 in light of their active treatment histories.

## **DISCUSSION**

State Farm's first three assignments of error allege that Mr. Jefferson was not an "independent and disinterested" witness as required by the policy language and La.R.S. 22:1295(1)(f).  The relevant policy language states:

> Uninsured Motor Vehicle under coverages U and UEO means:
> . . . .
> 3. a land motor vehicle:
>
>> a. the driver of which remains unknown;
>> b. that causes bodily injury to the insured; and
>> c. that strikes neither the insured nor the vehicle the insured is occupying.
>
> The insured must prove, by an independent and disinterested witness, that the actions of such unknown driver were the cause of the bodily injury.

Louisiana Revised Statutes 22:1295(1)(f) states:

> Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.

State Farm's first assignment of error alleges that the trial court failed to specifically find that Mr. Jefferson was an independent and disinterested witness, and therefore the judgment is in error.  We disagree.  In order for the trial court to find

3

State Farm liable under the policy, it necessarily had to find that Jefferson was both independent and disinterested and not just credible. The issue of whether Mr. Jefferson was an independent and disinterested witness was squarely placed before the court by State Farm, and in fact was the main issue on the second day of the trial. The trial court had to find that Mr. Jefferson was an independent and disinterested witness to impose liability and award damages. The first assignment of error lacks merit.

In its second assignment of error, State Farm alleges that Mr. Jefferson did not actually see the phantom vehicle run Mr. Crawford off the road and could not serve as a witness.

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

Here, Mr. Jefferson testified that on the night of the accident, he met up with the plaintiffs earlier in the evening at the bowling alley, and that they were all going from the bowling alley to Ms. Johnson's home. He was ahead of the plaintiffs' vehicle, but he saw their headlights in his rearview mirror. While on the exit ramp, he saw another set of headlights in the right lane. When he looked up again, he saw the second set of headlights in the left lane and did not see the plaintiff's headlights. Immediately thereafter, the second vehicle passed him at a high rate of speed. He could only identify it as a small grey car.

4

From this testimony, which corroborated the testimony of Ms. Johnson and Mr. Crawford, the trial court made the reasonable inference that the phantom vehicle ran the plaintiff's vehicle off the road. We find no manifest error in that conclusion.

In its third assignment of error, State Farm argues that the trial court erred in finding Mr. Jefferson independent and disinterested. This is a finding of fact subject to the manifest error standard of review. *Rosell*, 549 So.2d 840. State Farm argues that at the time of the accident, Mr. Jefferson had a sexual relationship with Ms. Johnson's adult daughter, was a frequent guest in Ms. Johnson's home, and at times spent the night. At the time of the trial, Mr. Jefferson was married to another woman and had not dated Ms. Johnson's daughter for several years.

The terms independent and disinterested are not defined in the statute or in the policy. This court has addressed this issue once before and stated:

> A person who is *dependent*, either wholly or partially, upon one who stands to recover cannot be an *independent and disinterested* witness. Nor can a person who lives with and has a close relationship with one who stands to recover be considered a *disinterested* witness within the meaning of La.R.S. 22:1406(D)(1)(f).

*Stracener v. Millers Cas. Ins. Co. of Texas*, 96-138, pp. 2-3 (La.App. 3 Cir. 11/6/96), 682 So.2d 940, 941 (emphasis in original). In *Stracener*, we found that the daughter of the plaintiff who was a passenger in the vehicle at the time of the accident and who lived with her mother was not an independent and disinterested witness.

The situation before us is distinguishable from the situation in *Stracener*. While Mr. Jefferson testified that he lived in Ms. Johnson's home for a short time while he was dating her daughter, at the time of the trial he had no financial interest in the outcome of the trial. *See O'Boyle v. Piglia*, 95-990 (La.App. 5 Cir. 2/27/96),

5

670 So.2d 1339 (police officer who collided with the insured no longer had a financial interest in the action and could serve as an independent and disinterested witness to testify about a phantom vehicle where the officer settled her claims with the insured before the trial). Thus, the trial court did not commit manifest error in finding Mr. Jefferson to be an independent and disinterested witness. This assignment of error lacks merit.

In the final assignment of error, State Farm argues that the damage awards are too high. "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." La.Civ.Code art. 2324.1. The trial court has "much discretion" in setting damage awards. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id.* at 1261.

Ms. Johnson, who was forty-six years old at the time of the accident, suffered a fractured rib, a broken finger, and a concussion in the accident. She suffered from several weeks of pain with the broken rib and may have developed arthritis in her finger as a result of the break. She was awarded medical damages of $2,528.40. We cannot find that an award of $5,000.00 in general damages to Ms. Johnson is an abuse of the trial court's vast discretion.

Mr. Crawford, who was thirty years old at the time of the accident, suffered bruises and contusions to his back, head, and side as a result of the accident. His

6

injuries persisted for at least a month, and he missed a month of work. At the time of trial, he still suffered from bad headaches. He was awarded medical damages of $5,251.12. We cannot find that an award of $8,500.00 in general damages is an abuse of the trial court's vast discretion.

Adrienne Johnson, who was ten years old at the time of the accident, suffered bruises and contusions as a result of the accident, and her symptoms persisted for about two weeks. She was awarded $2,015.80 in medical damages. We find that the trial court's award of $5,000.00 in general damages for this injury is an abuse of discretion. We find that the highest amount he could have awarded, based on these facts, is $2,000.00.

## CONCLUSION

We amend the general damage award granted to Adrienne Johnson from $5,000.00 to $2,000.00. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed as follows: 85% to State Farm and 15% to Anita Johnson.

**AFFIRMED AS AMENDED.**

7