# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**14-49**

**HATTIE DENISE MCCOY**

**VERSUS**

**USAGENCIES CASUALTY INSURANCE CO.**

**\*\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, DOCKET NO. 2013-142
## HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Somer Brown
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, LA 70601
(337) 436-1166
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Hattie Denise McCoy

Anthony Butler
5420 Corporate Boulevard, Suite 103
Baton Rouge, LA 70808
(225) 926-1810
**ATTORNEY FOR DEFENDANT/APPELLEE**
    USAgencies Casualty Insurance Co.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On July 9, 2012, Plaintiff, Hattie Denise McCoy, was on her way to work at L'Auberge Du Lac Casino and Resort in Lake Charles. According to Plaintiff, she was run off the road by an unknown vehicle, which then fled the scene without stopping. Her vehicle came to rest over the curb on the side of the road. Plaintiff asserted she suffered bodily injury as a result of the incident.

Corporal Robert Janice, of the Lake Charles Police Department, arrived at the scene of the incident approximately thirty minutes after it occurred. Corporal Janice spoke with Plaintiff who informed him she had been run off the road by another vehicle. There were no witnesses to the incident. Corporal Janice noted that Plaintiff's vehicle did not come into contact with any other vehicle. Plaintiff maintained she suffered injuries as a result of the incident.

At the time of the incident, Plaintiff had a policy of insurance with USAgencies. Through her uninsured/underinsured motorist coverage, Plaintiff brought a claim against her policy alleging the driver of another vehicle caused the accident that resulted in the injuries she sustained.

USAgencies opposed the claim, contending Plaintiff was unable to meet her statutory requirement of proving the accident was the result of the actions of the driver of the unknown vehicle. USAgencies filed a Motion for Summary Judgment asserting Plaintiff was unable to meet that burden. The matter was briefed and argued before the trial court, which determined that Plaintiff was unable to satisfy her burden of proving the unwitnessed accident was caused by another driver. Thus, finding no genuine issue of material fact existed that the policy of insurance issued by USAgencies did not provide coverage for the damages alleged by Plaintiff, the trial court granted summary judgment and Plaintiff's suit was dismissed with prejudice. This appeal followed.

# ANALYSIS

When an appellate court reviews a district court's judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. Summary judgment is a favored procedure and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966.

It is well settled that liability insurers in Louisiana are required to offer uninsured/underinsured motorist (UM) coverage in connection with the issuance of liability coverage. If UM coverage is purchased, it serves to protect the insured from other drivers who are not covered by liability insurance and also from other drivers who do not carry sufficient limits of liability insurance to cover the damages caused. See La.R.S. 22:1295. Additionally, in 1991, the legislature required uninsured motorist policies to include "miss and run" coverage under certain circumstances. This coverage provides protection against other drivers who cause an accident and then flee the scene, even in the situation where the other vehicle does not physically collide with the insured vehicle.

Louisiana Revised Statutes 22:1295(1)(f) sets forth the burden of proof for establishing a "miss and run" claim:

> Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.

The language of the USAgencies policy regarding uninsured/underinsured motorist coverage follows closely the language of La.R.S. 22:1295(1)(f):

> **PART C - UNINSURED/UNDERINSURED MOTORIST COVERAGE**
> . . . .
> **Exclusions for part C, all Sections**
> . . . .
> 2. We do not provide coverage under any Section of Part C:
>    a. For bodily injury or property damage which arises out of the ownership, maintenance or use of a motor vehicle, when the identity of the owner and operator of such motor vehicle remain unknown and such motor vehicle did not come into physical contact with a covered person or a motor vehicle occupied by a covered person, unless the covered person can prove by an independent and disinterested witness that the actions of the unknown driver were the cause of the bodily injury or property damage.

Thus, under both La.R.S. 22:1295(1)(f) and the policy in question, the two elements Plaintiff must prove in this case are: (1) the witness must be independent and disinterested, and (2) the witness must prove that the injury was caused by the driver of another vehicle.

The law is clear that the injured party bears the burden of proving that the "miss and run" accident occurred. *Snowden v. Voyager Indem. Ins. Co.*, 01-0359 (La.App. 1 Cir. 5/24/02), 825 So.2d 1223, *writ denied*, 02-1710 (La. 10/4/02), 826 So.2d 1127; *Eudy v. State Farm Mut. Auto. Ins. Co.*, 620 So.2d 405 (La.App. 1 Cir.), *writ denied*, 625 So.2d 1041 (La.1993).

Both parties acknowledge the facts in this case are largely undisputed. The issue on appeal is whether the testimony of Corporal Janice satisfies the burden of proof required under La.R.S. 22:1295(1)(f) to prove the accident was caused by the driver of another vehicle.

In brief, Plaintiff characterized the sole issue presented for review as "whether a responding officer, when he is proven to be independent and disinterested, satisfies the requirement of Louisiana Revised Statute 22:1295(1)(f)

4

of proof 'by an independent and disinterested witness'' necessary to invoke uninsured/underinsured motorist coverage." We cannot determine from the record if the trial court made any determination as to whether Officer Janice is an "independent and disinterested witness." The trial court took the matter under advisement after the summary judgment hearing, and the judgment rendered states only that "the law and evidence [is] in favor of the Defendant" and "there exists no genuine issue of material fact that the policy of insurance issued . . . does not provide coverage for the damages alleged by Plaintiff herein." A determination that Officer Janice is "independent and disinterested" is only relevant if his testimony furthers Plaintiff's burden of proving another driver caused the accident.

Plaintiff argues the case of *Wheat v. Wheat*, 03-173 (La.App. 1 Cir. 11/7/03), 868 So.2d 83, supports her argument that the corroborating testimony of a state trooper is sufficient to meet her burden of proof under the statute. In *Wheat*, the plaintiff argued he struck an object in the roadway, which caused him to lose control of his vehicle, leave the roadway and sustain injury. The witness supplied by the plaintiff was an investigating police officer who unequivocally stated "his investigation revealed that the cause of the accident was a transmission left in the roadway by another vehicle." *Id.* at 86. It was noted by the court in *Wheat* that the statute does not require that the independent and disinterested witness actually see the accident occur, but that "the claimant prove, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle." *Id.* at 87.

In the instant case Corporal Janice acknowledged "there was nothing anywhere else around" to help substantiate Plaintiff's claim that she was run off the road by another vehicle. Although Corporal Janice stated in his deposition and report that he believed Plaintiff's account that she was run off the road by another vehicle, he noted he had no personal knowledge, simply what Plaintiff had relayed

5

to him. The investigating officer in *Wheat* made an independent analysis of the accident scene to determine that the cause of the accident was the vehicle hitting a transmission that was left in the roadway. Clearly, there was no indication in the instant case of any physical proof to support Plaintiff's version of events, in contrast to the trooper's discovery of the transmission in *Wheat.*

Plaintiff argues there is nothing in *Wheat* which states that tangible, physical evidence must exist to corroborate the injured driver's story. While that may be true, it is clear the appellate court in *Wheat* relied on the tangible, physical evidence discovered to reach its ruling that the trooper's testimony corroborated Plaintiff's allegation of a "miss and run" accident. There is no such corroboration in the instant case.

We find no error in the trial court's conclusion that Corporal Janice's testimony did not create any genuine issue of material fact that Plaintiff failed to carry her burden of proving the injuries she suffered were caused by the actions of another driver. Thus, we affirm the trial court judgment granting summary judgment in favor of USAgencies. Costs of this appeal are assessed to Plaintiff-Appellant, Hattie Denise McCoy.

**AFFIRMED.**