665 So.2d 661 (1995)
Lucille J. JACKSON, et vir, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 27611-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*662 Sockrider, Bolin & Anglin by Gregory H. Batte, Shreveport, for Appellants.
Casten & Pearce by Marshall R. Pearce, Shreveport, for Appellee.
Before SEXTON and STEWART, JJ., and PRICE, J. Pro Tem.
STEWART, Judge.
The First Judicial District Court, Caddo Parish, granted summary judgment to State Farm and dismissed plaintiff's suit without prejudice. Plaintiff, Lucille J. Jackson, appeals, asserting genuine issues of fact exist that would preclude the granting of summary judgment. State Farm answers the appeal and seeks modification of the judgment to reflect a dismissal with prejudice. For the reasons expressed herein, we amend the judgment to reflect a dismissal with prejudice and as amended, we affirm.

FACTS
On September 18, 1993, Jackson, while driving on Highway 173 in Caddo Parish, allegedly veered into a ditch to avoid an oncoming car. The phantom car did not stop to render aid, and neither the car nor the identity of the driver was discovered. According to her affidavit, Jackson backed her car out of the ditch, drove home, reported the accident by phone to her insurance agent, and then called several friends to discuss the accident. Jackson allegedly injured her spine, hip, leg, knee, and hand. According to the affidavits of Peggy O'Neal and Na Dean Terrel, Jackson phoned them on the day of the accident and told them what had happened to her.
Jackson sued her insurer, State Farm, to recover under the uninsured motorist provisions of her insurance policy. Her husband, Willie Jackson, also sought compensation for his loss of consortium and loss of service and society. State Farm answered the lawsuit and specifically pled that there was no coverage for Jackson's injuries under the terms of the policy. Subsequently, State Farm filed a motion for summary judgment asserting there were no genuine issues of fact and that *663 State Farm was entitled to judgment as a matter of law. State Farm provided the trial court with a copy of Jackson's answers to interrogatories in which she declared that no one witnessed the accident. State Farm also presented a copy of the insurance policy which provided that, although Jackson was covered for injuries arising out of an accident with a phantom vehicle, she was required to prove, by an independent and disinterested witness, that the actions of such unknown driver were the cause of the bodily injury. This contract provision parallels LSA-R.S. 22:1406(D)(1)(f) which provides:
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
The trial court entered judgment in favor of State Farm dismissing Jackson's suit. Although the typewritten judgment indicates that the suit is dismissed with prejudice, someone has marked through the word "with" and replaced it with the word "without."

DISCUSSION
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Aufrichtig v. Progressive Men's Club, 25,581 (La.App.2d Cir. 03/30/94), 634 So.2d 947; Leonard v. Stephens, 588 So.2d 1300 (La.App.2d Cir.1991).
Jackson alleges that her injuries arose out of a motor vehicle accident caused by an automobile which had no physical contact with her or with a vehicle she was occupying at the time of the accident. Therefore, she bears the burden of proving, by an independent and disinterested witness, that her injuries were the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured. LSA-R.S. 22:1406(D)(1)(f).
Jackson's insurance policy contains the following provisions:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle. Uninsured Motor Vehicle under coverage U means: 3. an automobile: a. the driver of which remains unknown; b. that causes bodily injury to the insured; and c. that strikes neither the insured nor the vehicle the insured is occupying. You must prove, by an independent and disinterested witness, that the actions of such unknown driver were the cause of the bodily injury. (Emphasis in original.)
A contract of insurance constitutes the law between the insurance company and the insured. It will be enforced as written if the policy language at issue is clear and expresses the intent of the parties. Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La. 1988).
Neither the statute nor the insurance policy defines "independent and disinterested witness," therefore, we will give them their ordinary meanings. LSA-C.C. Art. 11. "Independent" means not influenced or controlled by others in matters of opinion, conduct, etc.; thinking or acting for oneself. "Disinterested" means unbiased by personal interest or advantage; not influenced by selfish motives. Websters, New Universal Unabridged Dictionary pp. 412, 723, 1992. Black's Law Dictionary defines "witness" as one who is present and personally sees or perceives a thing; a beholder, spectator, or eyewitness; one who testifies to what he has seen, heard, or otherwise observed. Black's Law Dictionary 1438 (5th ed. 1979).
*664 In response to an interrogatory from State Farm, Jackson stated that no one witnessed the accident. In light of the statutory and contractual requirement that a claimant injured by a phantom vehicle prove "by an independent and disinterested witness" that the phantom vehicle was the cause of her injuries, we hold the trial court did not err in granting summary judgment to State Farm and dismissing the suit.
Contrary to Jackson's assertion, the people she telephoned following the accident are not independent and disinterested witnesses. The individuals are not independent because the only information concerning the accident that they possess is controlled by what Jackson relayed to them. Moreover, these individuals are not witnesses because they did not personally observe the accident. Perhaps these individuals were and are witnesses to Jackson's condition following the accident, but they certainly did not witness the cause of her injuries.
We are not persuaded by Jackson's argument that the testimony of Peggy O'Neal and Na Dean Terrel as to the cause of the accident should be accepted as an excited utterancea statement related to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition. LSA-C.E. Art. 803(2); State v. Henderson, 362 So.2d 1358 (La.1978). However, even if we were to assume that O'Neal and Terrel could testify as witnesses to the accident, based on their conversations with Jackson, neither individual could be classified as independent and disinterested. Accordingly, the testimony of O'Neal or Terrel will not preclude summary judgment from issuing against Jackson.
In its answer to the appeal, State Farm requests that the judgment of the trial court be modified to reflect that the suit is dismissed with prejudice. When summary judgment is proper, the resulting judgment is final, granting a party part or all of the requested relief. LSA-C.C.P. Arts. 966 and 1915(A)(3). The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party. We therefore hold that under these circumstances it was error to grant the summary judgment without prejudice and we amend the judgment to reflect a dismissal with prejudice.

CONCLUSION
Because Jackson was unable to produce independent and disinterested witnesses as required by LSA-R.S. 22:1406(D)(1)(f), and because the trial court erred in granting the motion for summary judgment without prejudice, we amend the judgment to reflect a dismissal with prejudice and as amended, affirm. Costs of the appeal are assessed against appellant.
AMENDED AND AFFIRMED AS AMENDED.