McDonald, j.
| „The issue in this case is whether a person who heard a driver describe a “miss and run” accident on her cellular phone as it happened, and also heard glass popping and breaking as the driver’s car was damaged, qualifies as an independent and disinterested witness to the accident for purposes of La. R.S. 22:680(l)(f). We find that she does not under the facts of this case.
The plaintiff, Robin Matthews, was injured in an automobile accident on November 2, 2003 in the Copiah County, Mississippi on Highway 55 (1-55) near mile marker 72. Ms. Matthews filed suit against Shelter Mutual Insurance Company (Shelter Mutual), which had issued her a policy of automobile liability insurance that provided underinsured/uninsured motorist coverage. Ms. Matthews asserted that an unknown vehicle traveling in the right-hand lane of 1-55 attempted to merge into the left-hand lane of the highway, causing her to swerve left off 1-55 into the median to avoid a collision, and that this caused her vehicle to begin rolling -without warning, resulting in her injuries. She asserted that the cause of the accident was the negligence of the driver of the unknown vehicle, and she prayed for judgment in her favor against Shelter Mutual.
Shelter Mutual answered the petition, and thereafter filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law because there was no genuine issue of fact concerning the absence of an independent and disinterested witness that could offer any testimony that Ms. Matthews’ actions were the result of the actions of a phantom driver. Without such testimony, Shelter Mutual asserted, Ms. Matthews could not meet her burden of proof as required by La. R.S. 22:680(1)®.
Ms. Matthews opposed the motion for summary judgment. At the hearing she entered into evidence, among other things, her deposition, and lathe affidavit of Darlene Bourgeois. In Ms. Matthews’ deposition she states that she was talking on the phone with her good friend, Ms. Bourgeois, as the accident occurred. Ms. Matthews testified in her deposition that as she was chatting with Ms. Bourgeois on the phone, a white minivan in the lane next to hers began to drive into her lane.
The affidavit of Ms. Bourgeois states that she was talking to Ms. Matthews on the phone when Ms. Matthews began to fearfully describe what she was witnessing, stating than an unknown vehicle traveling in the right-hand lane was carelessly merging into the left-hand lane where Ms. Matthews was traveling. Ms. Bourgeois states in her affidavit that Ms. Matthews screamed “that white van is coming, oh my [G]od” and that Ms. Matthews screamed “Oh my God” again. Then Ms. Bourgeois heard “cracking, popping and glass breaking.”
After a hearing, the trial court found that Ms. Bourgeois did not qualify as an independent witness to the accident and ruled in favor of Shelter Mutual, granting the summary judgment. The trial court stated in its reasons for judgment “[Ms. Bourgeois] is just simply not in a position to say how the accident occurred... That there was an accident, no doubt, but how it occurred, she can offer nothing as an independent witness that the accident occurred and the injuries were sustained because of the actions of the driver of the white van.”
*912 Ms. Matthews is appealing that judgment and makes two assignments of error:
1. The Trial Court erred in failing to recognize Darlene Bourgeois as an independent, disinterested witness, capable of establishing that the injuries sustained by Robin Matthews were the result of the actions of the white van whose identity is unknown, in accordance with LSA R.S. 22:680(1)®.
|42. The Trial Court erred in requiring Appellant’s independent and disinterested witness to prove “unequivocally” ... the cause of the motor vehicle accident.
THE STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
THE APPLICABLE STATUTE
Louisiana Revised Statute 22:680(l)(f) provides:
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or un-derinsured.
ANALYSIS
Ms. Matthews asserts that Ms. Bourgeois meets the definition of an independent, uninterested witness to the accident, as required under La. R.S. 22:680(l)(f) because she heard Ms. Matthews describing the accident as it occurred and she heard the noise as the accident was occurring. Ms. Matthews cites Wheat v. Wheat, 2003-0173 (La.App. 1 Cir. 11/7/03), 868 So.2d 83, as support for her argument.
In Wheat, the plaintiff struck an object in the roadway, which caused him to lose control of his vehicle, leave the roadway and sustain injury. The | ^witness supplied by the plaintiff was an investigating police officer who discovered that the plaintiffs vehicle had struck a transmission that was left in the road. Plaintiff filed suit against his automobile liability insurer after it denied uninsured motorist coverage for the accident. The insurer in Wheat filed a motion for summary judgment, asserting that the plaintiff could not present an independent and disinterested witness to the accident. The trial court granted the motion for summary judgment and the plaintiff appealed that judgment. On appeal, this court reversed the trial court’s ruling, analyzing La. R.S. 22:1406 (which was re-designated as La. R.S. 22:680 by Acts 2003, No. 456, § 3) as follows:
[Tjhere is nothing in the language of [the statute] requiring that the witness actually see the accident occur. The statute only requires that the claimant prove, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle.
⅜ ⅜ ⅜ ⅜
*913 Trooper Clay Smith was an independent and disinterested witness. Trooper Smith stated in his affidavit that his investigation revealed that the transmission left in the roadway caused the accident involving the Wheat vehicle. Trooper Smith did not get this information from Sidney Wheat; in fact, Wheat testified that he thought he had been struck from behind by another vehicle until Trooper Smith told him that he had struck a transmission left on the road. Additionally, Trooper Smith does not stand to benefit from proof that the accident was caused by another vehicle dropping a transmission in the roadway. Finally, .... although Trooper Smith did not see the vehicle strike the transmission, he did viéw the accident scene soon thereafter and was able to conclude that the Wheat vehicle had struck the transmission.
It is clear that the transmission found in the roadway in this case was left there by another vehicle. Trooper Smith testified that the transmission was not from the Wheat vehicle, and a transmission is much too heavy for a pedestrian to have carried onto the roadway. The only reasonable explanation is that the transmission was dropped on the road by another vehicle. Adding to the likelihood of this theory is the fact that there is a junkyard located a short distance away from the spot where the transmission was found. Thus, Trooper Smith is an independent and disinterested witness whose testimony that the | ^accident was caused by Wheat’s vehicle striking a transmission left in the road connects Wheat’s injuries to the driver of another vehicle whose identity is unknown. This satisfies the requirements of both [the statute] and the insurance policy, and therefore the trial court erred in granting National’s motion for summary judgment.
Wheat v. Wheat, 2003-0173, p. 7-9.
Shelter Mutual relies upon the case of Jackson v. State Farm Mutual Automobile Insurance Company, 27,611 (La.App. 2 Cir. 12/6/95), 665 So.2d 661, in support of its argument that a phone call to a friend during an accident does not make the friend a witness to the accident. In that ease, Mrs. Jackson, while driving on Highway 173 in Caddo Parish, allegedly veered into a ditch to avoid an oncoming car and was injured. The car did not stop. Mrs. Jackson backed her car out of the ditch and drove home. She called her insurance agent and then called several friends to tell them about the accident. After her insurer refused her claim under her UM policy, Mrs. Jackson sued her insurer. The insurer filed a motion for summary judgment, asserting she had no independent and disinterested witness to the accident, as required by her insurance policy and La. R.S. 22:1406(D)(l)(f) (now La. R.S. 22:680(l)(f)). The trial court ruled in favor of the insurer, and Mrs. Jackson appealed. On appeal she asserted that the friends she called after the accident were wit-, nesses to the accident. Contrary to that assertion, the court held that:
The individuals are not independent because the only information concerning the accident that they possess is controlled by what Jackson relayed to them. Moreover, these individuals are not witnesses because they did not personally observe the accident. Perhaps these individuals were and are -witnesses to Jackson’s condition following the accident, but they certainly did not witness the cause of her injuries.
Jackson, 27,611 at p. 4, 665 So.2d at 664.
|7Ms. Matthews argues that her case can be differentiated from the Jackson case because in Jackson the plaintiff spoke to *914 her Mends after the accident occurred, which gave her time to decide what to tell them. In her case, she notes, her statements to Ms. Bourgeois were made contemporaneously with the accident, and thus her statements have heightened credibility.
While we agree that the statements made by Ms. Matthews to Ms. Bourgeois were made as the accident was happening, unlike the phone calls in the Jackson case, these statements were based upon Ms. Matthews’ version of the accident. While it may be true that the white van forced Ms. Matthews to take evasive action, it also may be true that Ms. Matthews overreacted when the white van simply swerved toward her. Ms. Bourgeois did not view the accident herself, nor did she view the accident scene soon thereafter and come to her own independent conclusion as to the cause of the accident. The investigating officer in the Wheat case made an independent analysis of the accident scene to determine that the cause of the accident was the vehicle hitting a transmission that was left in the roadway. In fact, the plaintiff in Wheat believed he had been hit from behind, and did not know he had hit a transmission in the road until the investigating officer told him about it.
In this case, Ms. Bourgeois can only rely on information given to her by Ms. Matthews as to how the accident occurred. As found by the trial court, Ms. Bourgeois, unlike the investigating officer in Wheat, is not in an independent position to say how the accident occurred. She cannot testify that Ms. Matthews’ injuries were “the result of the actions of the driver of another vehicle,” as required by La. R.S. 22:680(1X0.
IsThus, we affirm the trial court judgment granting summary judgment in favor of Shelter Mutual. Ms. Matthews is cast with costs.
AFFIRMED.