LOLLEY, J.
|,In this slip and fall case, plaintiff, Karen Finley, appeals a judgment from the *195 First Judicial District Court, Parish of Caddo, State of Louisiana, granting summary judgment in favor of defendants, New United Petroleum, Inc. and State Farm Fire & Casualty Company (collectively, “Racetrac”). For the reasons stated herein, we affirm the trial court’s judgment.
Facts
This appeal stems from an incident that occurred on January 3, 2009, at the Race-trac gas station and convenience store located at 1025 E. Bert Kouns Industrial Loop in Shreveport, Louisiana. This particular store was leased and operated by New United Petroleum, Inc. and was managed by Tareyton Banks. State Farm Fire & Casualty Company was the liability insurance carrier of New United Petroleum, Inc.
At approximately 9:00 a.m. on the day of the incident, Finley, her brother, David Shook, and their friend, Linda Theodos, stopped for gas in preparation for a trip to south Louisiana. As Shook was filling up, Finley and Theodos entered the store to purchase a few items. While walking back to the vehicle, Finley slipped and fell on an oil slick located in a handicap parking space in front of the store. Immediately after she fell, Finley returned to the store and informed Racetrac employees of the condition in the parking lot. Cat litter was spread over the spill and promptly swept up. As a result of the fall, Finley suffered multiple injuries.
Finley filed suit against Racetrac pursuant to La. R.S. 9:2800.6, Louisiana’s premises liability statute, alleging that the oil slick was in an area where Racetrac knew or should have known of the dangerous condition and that its failure to take reasonable steps to clean up the oil slick caused |?her injuries.[1] In response to these allegations, Racetrac filed a motion for summary judgment arguing that Finley could not meet her burden of proof under La. R.S. 9:2800.6. Specifically, Race-trac alleged that Finley could not prove Racetrac had actual or constructive notice of the condition.
Deposition testimony submitted in support of and in opposition to summary judgment reveals the following facts. Dena Davis and Ermond Ashley were the only Racetrac employees working at the time of Finley’s accident. However, neither employee witnessed the fall. According to Davis, she inspected the parking lot upon arrival to work, but did not notice any spills or slippery substances, including the oil slick at issue in this case. When asked to describe her vantage point in relation to the location of Finley’s fall, Davis stated that although she could see the handicap parking space from the cash register, she was unable to see if oil was present. Davis did not file an incident report; instead, she called Banks to inform him of the accident. In addition, Davis noted that a vehicle had been parked in the parking space prior to Finley’s fall.
Banks and another Racetrac employee, Jeanette Williams, were also deposed and questioned about the facts and circumstances surrounding the incident. In particular, the questions posed to Banks and Williams centered around Racetrac’s clean up policies and whether Racetrac knew or should have known of the oil slick prior to the accident. Banks maintained that Racetrac is not contractually responsible for the upkeep and maintenance of the parking lot. Despite this assertion, Banks noted that Racetrac has a |3policy that *196 when a customer reports a spill, or when an employee notices a spill, they are to place cat litter on the spill and sweep it up. Banks also testified that Ermond Ashley’s responsibilities include power washing in front of the store, picking up trash and debris, changing light bulbs, and other minor repair work. Williams corroborated Banks’s testimony, and also testified that when brought to the employee’s attention, it is Racetrac’s policy to spread cat litter on spills or place warning cones to alert customers. However, Williams stated that if the inside of the store is busy, or if an employee is working alone, it is possible that a spill would be missed.
Finley was also questioned about the circumstances surrounding her fall. In her deposition, Finley stated that it did not look like the parking lot had been cleaned on the morning she fell. Finley also confirmed that she quickly returned to the store to notify Racetrac employees of her fall and the oil slick in the parking lot. Additionally, Finley noted that she did not notice the oil slick prior to entering the store because a car had been parked in the parking space as she passed nearby.
The motion for summary judgment was originally set for June 11, 2012. However, Finley alleged that throughout the course of discovery Racetrac withheld information related to witnesses, employees, and business records. Each time Finley conducted a deposition, she learned of new information that was not contained in written discovery produced by defendants. As a result, and because Finley was having difficulty locating two witnesses, the trial court granted her a 90 day extension to complete discovery and reset the hearing on the motion for summary judgment to a later date.
|4During this interim, Finley again claimed that she learned of new information that required her to take additional depositions. Nevertheless, after determining that Finley was unable to produce any factual evidence that would establish Race-trac had actual or constructive knowledge of the oil slick prior to Finley’s fall and that she could not establish the amount of time the oil slick had been in the parking lot, the trial court granted summary judgment in favor of Racetrac. It is from this judgment that Finley appeals.
SummaRY Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181 (La.02/29/00), 755 So.2d 226; Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to Isthe adverse party’s claim, action, or defense. La. C.C.P. art. 966(C). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary *197 burden of proof at trial, there is no genuine issue of material fact and the movant is entitled to summary judgment. Id.
Discussion
On appeal, Finley raises two assignments of error. First, Finley maintains that the trial court erred in granting summary judgment because genuine issues of material facts exist in the record. Second, Finley argues that the trial court improperly granted summary judgment prior to the completion of discovery.
The imposition of tort liability on a merchant for a patron’s injuries resulting from an accident on the merchant’s premises is governed by La. R.S. 9:2800.6. May v. Brookshire Grocery Co., 48,177 (La.App.2d Cir.06/26/13), 117 So.3d 611. In relevant part, that statute provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or [(¡constructive notice of the condition which caused the damage, prior to the occurrence.
(3)The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
G. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care[.]
* * *
Here, the pivotal issue concerns the second element in Finley’s claim against Racetrac. That is, did Finley prove that Racetrac either created the condition or had actual or constructive notice of the condition which caused the damage, prior to the occurrence? Because the record is devoid of any evidence of actual notice, summary judgment hinges on whether Finley, as the non-moving party, presented factual support sufficient to establish that Racetrac had constructive notice of the oil slick prior to her fall. After a careful review of the record, we find that she failed to do so.
It is well-settled that when a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time and that such time was sufficient to place the merchant defendant on notice of its existence. White v. Wal-Mart Stores, Inc., 97-0393 (La.09/09/97), 699 So.2d 1081. Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by the statute governing negligence claims against merchants. *198 |7 Hubbard v. APS Invs., L.L.C., 43,673 (La. App.2d Cir.11/19/08), 997 So.2d 882.
The Louisiana Supreme Court in White further explained the requirement for proving constructive notice as follows:
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period.. A claimant who simply shows that the condition existed without an additional showing, that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some period prior to the fall. This is not an impossible burden.
White, supra at 1084-85.
A plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall. Instead, the factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such time prior to the accident that.it should have been discovered and corrected. Bassett v. Toys “R” Us Delaware, Inc., 36,434 (La.App.2d Cir.12/30/02), 836 So.2d 465, writ denied, 2003-0560 (La.04/25/03), 842 So.2d 408.
Here, in an attempt to establish that the oil slick existed prior to her fall, Finley relies on a cell phone photograph taken immediately after her accident. According to Finley, the photograph shows that the oil slick had begun to partially soak into the concrete, which she believes suggests that it has been there for a sufficient amount of time to place Racetrac on notice. Further, Finley argues that this photograph, when considered with the |sabsence of a clean up policy and the sparsity of employees working at Racetrac on the day of her accident creates an inference that it is more probable than not the condition existed for such time that it should have been discovered and corrected.
Finley compares the facts in this case to those of Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App.3d Cir.01/20/99), 741 So.2d 65, writ denied, 99-0486 (La.04/01/99), 742 So.2d 562. There, a plaintiff was able to use photographs and other circumstantial evidence to successfully prove that Wal-Mart had constructive notice of spilled detergent. The pictures submitted in Broussard, show that the spill was elongated, not uniform, and covered approximately three to four square feet, suggesting that it had spread over a period of time. The origin of the spill was identified as a partially empty bottle of Lemon Joy on the shelf above the spill. Additionally, the plaintiff was able to show that the spill occurred on the third busiest day of the week in one of the busiest departments of the store with no employees on duty in this particular department at the time the accident occurred. Although there was no eyewitness testimony establishing that the detergent had been present before the fall, the court held that the totality of the circumstances made it more likely than not that the spill existed for some time prior to the plaintiffs incident. Id. at 69-70.
We disagree with this comparison, and find that Broussard is not persuasive in determining the outcome of this case. Here, unlike the photograph in Broussard, where it was clear that the detergent had been there for some length of time prior to *199 the plaintiffs fall, the photograph submitted by Finley establishes no temporal element tending to prove that |3the oil slick had been there for a specific amount of time. Rather, we find that it shows that the oil slick merely existed. As noted above, jurisprudence is abundantly clear that a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. White, supra. Also, insofar as Finley' reliance upon the sparsity of employees or the lack of cleaning or inspection policies, these arguments also provide no factual support for the temporal element necessary to find constructive notice. They instead, create mere speculation or suggestion that Race-trac knew or should have known about the dangerous condition, which is not enough to meet the stringent burden imposed upon La. R.S. 9:2800.6. Hubbard, supra.
Applying the principles set forth in White, we find that the evidence submitted by Finley falls short of the proof required to establish constructive notice. The record amply supports the trial court’s conclusion that Finley failed to prove the temporal element necessary to establish constructive notice, an essential element of Finley’s claim under La. R.S. 9:2800.6. So considering, we find no error in the trial court’s conclusion that Race-trac was entitled to summary judgment.
As a final matter, we reject Finley’s contention that summary judgment was premature because she did not have the opportunity to complete discovery. Under La. C.C.P. art. 967, a trial judge has the discretion to issue a summary judgment after the filing of affidavits, or the judge may allow further affidavits or discovery to take place. Simoneaux v. E.I. du Pont de Nemours & Co., 488 So.2d 908 (La.1986). There is no |inabsolute right to delay an action on a motion for summary judgment until discovery is completed. Id. The only requirement is that the parties be given a fair opportunity to present their claim. Eason v. Finch, 32,-157 (La.App.2d Cir.08/18/99), 738 So.2d 1205, unit denied, 1999-2767 (La.12/10/99), 751 So.2d 861. Unless plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. Mouton v. Sears Roebuck, 99-669 (La.App.3d Cir.11/03/99), 748 So.2d 61, writ denied, 1999-3386 (La.02/04/00), 754 So.2d 232.
In the instant case, litigation commenced on January 4, 2010, -with the filing of Finley’s petition for damages. Racetrac moved for summary judgment approximately two years later on January 17, 2012. Finley was even granted a 90 day extension to take the depositions of Dena Davis and Jeanette Williams. Following the 90 day extension, the trial court heard and granted Racetrac’s motion for summary judgment on May 13, 2013. Although gaining information seemed rather difficult, it is clear that Finley had ample time to complete discovery. Accordingly, Finley’s final assignment of error is equally without merit.
Conclusion
Based on the foregoing, we conclude that the trial court properly granted summary judgment in favor of New United Petroleum, Inc. and State Farm Fire & Casualty Company. All costs of this appeal are assigned to Karen Finley.
AFFIRMED.

. Racetrac Petroleum, Inc. was originally named a defendant in this matter but was dismissed by the plaintiff on March 18, 2010.