BROWN, Chief Judge.
I,The instant appeal is from the trial court’s grant of summary judgment in favor of defendants, KP. Trucking, L.L.C., and Karl Pentecost d/b/a Ouachita Truck and Trailer, dismissing them from an action filed by plaintiff, Louisiana Safety Association of Timbermen-Self Insurers Fund (“LSAT”), to collect unpaid workers’ compensation premiums for the years 2004, 2005 and 2006.[1] Will Transport remains a party defendant following this par *946 tial summary judgment, which was signed by the trial court on July 14, 2014. For the reasons set forth below, we reverse and remand.

Brief Procedural History

LSAT filed- suit against Will Transport to collect unpaid workers’ compensation premiums on January 25, 2007. Discovery ensued, depositions were taken, and several motions for summary judgment were filed.[2] After receiving correspondence dated May 24, 2013, from Will Transport advising LSAT that it did not have the assets to cover the claimed indebtedness and extending a settlement offer, LSAT filed a supplemental and amending petition adding K.P. Trucking and Ouachita Truck and Trailer as defendants, based upon allegations that these two entities were liable contractually and solidarily with Will Transport. A general denial was filed by the two defendants, who thereafter filed a motion for summary judgment seeking dismissal of the claims against them. LSAT has appealed |?from the trial court’s grant of summary judgment dismissing its claims against K.P. Trucking and Ouachita Truck and Trailer.

Discussion

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 07-1726 (La.02/26/08), 977 So.2d 880; Driver Pipeline Co., Inc. v. Cadeville Gas Storage, LLC, 49,375 (La. App.2d Cir.10/01/14), 150 So.3d 492, writ denied, 14-2304 (La.01/23/15), 159 So.3d 1058; Finley v. Racetrac Petroleum, Inc., 48,923 (La.App.2d Cir.04/09/14), 137 So.3d 193.
A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the' purposes of the motion for summary judgment, show that there is no genuine .issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Driver Pipeline Company, Inc., supra; Finley, supra. A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Driver Pipeline Co., Inc., supra; Amos v. Crouch, 46,456 (La.App.2d Cir.06/29/11), 71 So.3d 1053.
Appellate courts review summary judgments de novo, under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La.01/21/04), 864 So.2d 129; Driver Pipeline Co., Inc., supra; Finley, supra.
Ron appeal, LSAT contends that the trial court erred in granting summary judgment in favor of K.P. Trucking and Ouachita Truck and Trailer and in dismissing its claims against these two defendants. We agree, finding there to be genuine issues of material fact which preclude summary judgment.
In support of summary judgment, defendants asserted that:
• During the relevant period of time, 2004-2006, Karl Pentecost was a member manager of K.P. Trucking, L.L.C., and Will Transport, LLC.
• During 2004-2006, Pentecost was the owner of Ouachita Truck and Trailer.
*947 • During 2004-2006, these three companies operated as three separate business entities, [disputed by LSAT]
• K.P. Trucking is in the business of leasing trucks and drivers to freight haulers.
• Ouachita Truck and Trailer is in the business of truck and trailer repair for a number of trucking companies, one of which is K.P. Trucking.
• Will Transport, L.L.C., is in the business of securing shipping contracts and subcontracting cargo pick-up and delivery of the contracts to independent drivers.
• In 2003, Will Transport, L.L.C., became a member of LSAT and entered into a contractual relationship with LSAT to obtain workers’ compensation insurance for its known employees entitled to coverage.
• In 2003, 2004, 2005 and 2006, a workers’ compensation and employers’ liability policy was issued to Will Transport,
L.L.C.
• Listed on the policy as additional insureds are K.P. Trucking and Ouachita Truck and Tractor, [disputed by LSAT]
• Pentecost did not enter into any insurance contract in his personal capacity or on behalf of K.P. Trucking or Ouachita Truck and Tractor, [disputed by LSAT]
[i* All premiums for coverage provided to employees of the additional insureds, K.P. Trucking, L.L.C., and Ouachita Truck and Tractor, for the years in dispute have been paid in full, [disputed by LSAT, which notes that there is no proof whatsoever to support this assertion, while plaintiff has audits performed for two of the calendar years at issue to support its position that the premiums for all three companies were assessed and charged as one]
• All agreements with LSAT were in Pentecost’s capacity as member manager of Will Transport, L.L.C. [disputed by LSAT]
• In opposition to summary judgment, LSAT contended that:
• All three entities are operated by Karl Pentecost from the same office, and all have the same business address.
• These three entities entered into a single contract for workers’ compensation insurance with LSAT. [disputed by defendants]
• Will Transport and Ouachita Truck and Trailer filled out a single workers’ compensation application and requested that K.P. Trucking be added as an additional named insured, [disputed by defendants]
• One membership agreement was issued by LSAT to cover all three defendants, [defendants concede that all three were insured, but dispute that all three are contractually liable for the assessed premiums]
• Audits performed for 2004-2005 and 2005-2006 show that K.P. Trucking and Ouachita Truck and Trailer do not report any payroll; all payroll is run through Will Transport.
• Will Transport, K.P. Trucking and Oua-chita Truck and Trailer accepted the benefits of the contract with LSAT and not one of these closely related entities made any effort to segregate premiums due and/or claims paid, [disputed by defendants although there is no evidentiary support for their claim]
• LSAT paid claims regardless of which entity the employees who made these claims worked for.
As the above factual contentions show, the “evidence” submitted by the parties in support of their relative positions indicates the existence of genuine issues of material fact as to whether the insurance contract, while purportedly signed by Karl Pentecost only on behalf of Will Transport, also | .^contractually bound defendants, K.P. Trucking and Ouachita Truck and Tractor, *948 such that they are responsible for the payment of the outstanding workers’ compensation premiums. See Louisiana Safety Association of Timbermen-Self Insurers Fund, v. Courtney Construction Co. of Alexandria , Inc., 41,564 (La.App.2d Cir.12/13/06), 949 So.2d 490, writ denied, 07-0443 (La.04/27/07), 955 So.2d 687. Furthermore, there are genuine issues of material fact which preclude a determination at this juncture of the case as to whether K.P. Trucking and Ouachita Truck and Tractor are solidarily liable for the premium assessments. Therefore, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.

Conclusion

For the reasons set forth above, the judgment of the trial court granting summary judgment in favor of defendants, K.P. Trucking, L.L.C., and Karl Pentecost d/b/a Ouachita Truck and Trailer, is REVERSED. The matter is REMANDED to the trial court for further proceedings.
Reversed and Remanded.

. LSAT initially sued only Will Transport; K.P. Trucking and Ouachita Truck and Trailer *946 were added several years later. All three companies are owned and operated by Karl Pentecost (with the assistance of office manager Janet Hill, who has a 5% ownership interest in Will Transport and K.P. Trucking).

. These other motions and the issues addressed and/or resolved therein are not the subject of the instant appeal, which is limited to the trial court’s ruling on the motion for summary judgment filed by defendants, K.P. Trucking and Ouachita Truck and Trailer.