DREW, J.
_JjThe Estate, of Blankenship (“Estate”) appeals judgments dismissing its medical malpractice claims against Dr. Donald Hubbard and Dr. David Raines without prejudice. Drs. Hubbard and Raines answer the appeal, contending that the claims against them should have been dismissed with prejudice.
We amend the judgments to provide that the dismissals are with prejudice, and affirm the judgments as amended.
FACTS
Leon Blankenship, Sr., suffered a stroke in September of 2009 and subsequently died on November 9, 2009. During his treatment, a PEG tube became dislodged and had to be replaced. His family contended that the procedure of replacing the PEG tube ultimately caused Blankenship to die from blood loss.
In late 2010, the Estate requested the formation of a Medical Review Panel (“Panel”) against several health care providers including Dr. Raines, a gastroenter-ologist, and Dr. Hubbard, an internist.
The Panel rendered its opinion on November 29, 2012. It found that the evidence did not support the conclusion that either Dr. Hubbard or Dr. Raines failed to meet the applicable standard of care.[1]
On March 18, 2013, the Estate filed a medical malpractice lawsuit ^against Dr. Hubbard, Dr. Raines, and Louisiana Home Care Group, Inc. d/b/a Specialty Hospital. It alleged that because of the doctors’ negligence, Blankenship died from blood loss. *463 Service on the defendants was requested to be held.
Dr. Hubbard filed a motion for summary judgment on November 18, 2013, in which he pointed out the lack of factual support for the claim that his treatment was below the standard of care. A copy of the Panel’s opinion and an affidavit from Panel member Dr. Michael Sampognaro were attached to the motion. Dr. Sampognaro, an internal medicine physician, testified that the treatment by Dr. Hubbard was appropriate and comported with the standard of care.
An order signed on November 27, 2018, set Dr. Hubbard’s motion for hearing on December 5, 2013. At the hearing, the Estate’s attorney argued that the motion for summary judgment was premature because discovery had not been conducted. She also noted that she had not been served with the motion until a day earlier. The trial court granted her motion to continue and ordered the hearing refixed because of the late service. Louisiana Home Care Group obtained a ruling granting its exception of prematurity and dismissing the Estate’s claims against it.
Dr. Raines filed a motion for summary judgment on December 11, 2013. Attached to the motion were the Panel’s opinion and an affidavit from Dr. Raines. Dr. Raines argued in his motion that the Estate had not produced any evidence or expert witness report that he breached the standard of care, and the Estate has had adequate time to produce an expert | switness. The motion was set for hearing on February 27, 2014.
On February 19, 2014, the Estate submitted its opposition to the motions for summary judgment, consisting of Blankenship’s autopsy report and an affidavit from a Blankenship relative who witnessed his treatment in November of 2009.
Requests for admissions of fact were also propounded to Dr. Hubbard on February 19. Interrogatories and requests for production of documents were propounded to Dr. Raines on that same date.
At the February 27 hearing, the Estate’s attorney asked for additional time to have an opportunity to conduct discovery. She agreed with the trial court that she needed to retain an expert witness and mentioned that she had contacted one, but was trying to get together all the information that the expert needed. The trial court granted her motion for a continuance, giving the Estate -30 days to secure an expert. The court further ordered that the interrogatories and requests for admissions be answered by the doctors within 15 days. The court made clear that there would be no further continuance or delay in the case.
On March 6, 2014, Dr. Hubbard submitted his responses to interrogatories and requests for production of documents that had been propounded to him on March 3. On March 14, Dr. Raines submitted his responses to the interrogatories, requests for admissions of fact, and requests for production of documents.
On March 20, the trial court signed an order setting the motions for summary judgment for hearing on April 28.
14At the April 28 hearing, the Estate’s attorney argued that she had not received proper responses to her discovery requests and that she was entitled to continued discovery. She claimed that she had an expert witness, but he did not have what he needed to state his opinion. The trial court denied her oral motion to continue until discovery was satisfied. The court commented that she had adequate time since the earlier hearing to file necessary motions prior to coming to court, and suggested that she should have filed a motion to compel along with a motion to continue. *464 The trial court granted the motions for summary judgment filed by Drs. Hubbard and Raines, and rendered judgments dismissing the claims against them without prejudice.
DISCUSSION

Motion to Continue

The Estate argues on appeal that it was not given reasonable time and a fair opportunity to complete discovery to counter the motions for summary judgment filed by Drs. Hubbard and Raines, making those motions premature. In support of its argument, the Estate cites La. C.C.P. art. 966(C)(1), which provides: “After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.”
There is no absolute right to delay an action on a motion for summary judgment until discovery is completed. Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La.1986); Finley v. Racetrac Petroleum, Inc., 48,923 (La.App.2d Cir.4/9/14), 137 So.3d 193. The only requirement is that the parties be given a fair opportunity to present their claim. Eason v. Finch, 32,157 (La.App. 2d Cir. 8/18/99), 738 So.2d 1205, writ denied, 1999-2767 (La.12/10/99), 751 So.2d 861; Finley, supra.
The Estate was given more than a fair opportunity to present its claim. The claim was pending before the Panel for almost two years before its opinion was rendered. Once this lawsuit was filed, it was nearly eight months before Dr. Hubbard filed the first motion for summary judgment. The Estate’s discovery requests were made after both motions for summary judgment were filed. The hearing at which the motions for summary judgment were granted was held ■ nearly five months after Dr. Hubbard filed his motion.
At the February 27 hearing, the Estate was given 30 days to secure an expert. The attorney for the estate claimed at the April 28 hearing that she had an expert but he lacked the information necessary to state his expert opinion, which was essential to counter the Panel opinion and affidavit from Dr. Sampognaro. The Estate’s attorney should have filed a motion to compel if she believed that the discovery responses were lacking.
Absent peremptory causes, the decision to grant a continuance rests in the sound discretion of the trial judge. La. C.C.P. art. 1601. The trial court’s ruling on a motion for continuance will not be disturbed on appeal absent a clear showing of abuse of that discretion. Brooks v. Minnieweather, 44,624 (La.App. 2d Cir. 8/19/09), 16 So.3d 1244.
We find no abuse of discretion in the court denying the motion for a | (¡continuance at the April 28 hearing. Furthermore, the motions for summary judgment, which were unopposed by competent medical evidence, were properly granted.

With Prejudice

Dr. Hubbard and Dr. Raines have answered the appeal, contending that the trial court erred in dismissing the Estate’s claims without prejudice. This court addressed this issue in Jackson v. State Farm, Mut. Auto. Ins. Co., 27,611, pp. 4-5 (La.App. 2d Cir. 12/6/95), 665 So.2d 661, at 664:
In its answer to the appeal, State Farm requests that the judgment of the trial court be modified to reflect that the suit is dismissed with prejudice. When summary judgment is proper, the resulting judgment is final, granting a *465 party part or all of the requested relief. LSA-C.C.P. Arts. 966 and 1915(A)(3). The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party. We therefore hold that under these circumstances it was error to grant the summary judgment without prejudice and we amend the judgment to reflect a dismissal with prejudice.
Accordingly, we amend the judgments to provide that the claims against the doctors are dismissed with prejudice.
DECREE
At the Estate’s cost, the judgment is AMENDED, and as amended, AFFIRMED.

. The Panel also did not find a breach of the standard of care by either St. Francis Medical Center or St. Francis Specialty Hospital. The Panel found that the evidence supported the conclusion that Dr. Olga Reaville, who had treated Blankenship in the ER and discharged him on September 3, 2009, had failed to meet the applicable standard of care. However, the Panel could not determine whether the complained of conduct was a factor in the alleged damages because that issue would be best determined by a neurologist.