# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-110

**MARY LAFORGE AND WAYNE LAFORGE**

**VERSUS**

**GOLDEN NUGGET LAKE CHARLES, LLC, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-2348
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

**REVERSED.**

**Michael W. Adley**
**Judice & Adley (A Professional Law Corporation)**
**Post Office Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Everi Games, Inc.**
    **IGT, Inc.**

**R. Alan Breithaupt**
**James R. Close**
**Breithaupt, Dubos & Wolleson, LLC**
**Post Office Box 14106**
**Monroe, LA 71201**
**(318) 322-1202**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
**Mary Laforge**
**Wayne Laforge**

**William H. Parker, III**
**Allen & Gooch (A Law Corporation)**
**Post Office Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Elaut, USA, Inc.**

**Patrick C. Grace**
**Comeaux, Stephens & Grace**
**3900 N. Causeway Blvd., Suite 1060**
**Metairie, LA 70002**
**(504) 831-3747**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Aristocrat Technologies, Inc.**

**Christopher Ieyoub**
**Van Clifton Seneca**
**Plauche, Smith & Nieset**
**1123 Pithon Street**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Golden Nugget Lake Charles, LLC**

**Jean Ann Billeaud**
**Lewis, Brisbois, Bisgaard & Smith, LLP**
**100 E. Vermilion Street, Suite 300**
**Lafayette, LA 70501**
**(337) 326-5777**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**AGS, LLC**

**Robert J. David, Jr.**
**Sarah E. Stephens**
**Juneau David, APLC**
**Post Office Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Deere Credit, Inc.**

**PICKETT, Judge.**

The plaintiffs filed suit seeking damages for injuries one of them suffered when she fell while at a casino. Two of the named defendants filed a motion for summary judgment, asserting the plaintiffs are not entitled to judgment against them and their claims should be dismissed. The trial court granted summary judgment without prejudice in favor of the two defendants, and the plaintiffs appealed.

## FACTS

On June 16, 2017, Mary and Wayne Laforge were walking in the Golden Nugget Lake Charles Casino (Golden Nugget), when Mary tripped on a chair in the vicinity of slot machines on the premises. In June 2018, the Laforges filed suit against a number of defendants to recover damages they allegedly suffered as a result of injuries Mary sustained when she tripped. They alleged that the Golden Nugget was "owned, operated, and maintained" by the named defendants, which include the Golden Nugget, Everi Games, Inc., and IGT, Inc. One month after the Laforges filed their suit, another defendant removed the litigation to federal court. On March 27, 2019, the federal court remanded the matter to the trial court. Less than two months later, Everi Games and IGT filed a motion for summary judgment, seeking dismissal of the Laforges' claims against them on the basis that they did not own, control, or have authority over any of the Golden Nugget premises or movable property located there.

On June 7, 2019, the Laforges propounded discovery requests to Everi Games and IGT. Everi Games responded to the discovery on July 23, 2019. In its responses, Everi Games denied ownership and responsibility for the Golden Nugget premises but acknowledged that it leased movable property consisting of

"eight electronic gaming machines and two double chairs to the operator of" the Golden Nugget. Everi Games further answered that any "obligation to maintain the leased electronic gaming machines . . . arose only if, and when[,] a service call was specifically requested by the lessee."

After receiving Everi's discovery responses, the Laforges filed their opposition to the motion for summary judgment, urging that the motion for summary judgment was premature because they had not had sufficient time to conduct adequate discovery. They also showed that they had propounded discovery to other defendants in the litigation.

On August 12, 2019, the trial court conducted a hearing on the motion for summary judgment. At the conclusion of the hearing, it granted judgment in favor of Everi Games and IGT and dismissed the Laforges' claims against them without prejudice. The Laforges appealed the judgment.

## ASSIGNED ERROR

The Laforges contend that the trial court erred in granting Everi Games and IGT's motion for summary judgment because they did not have an opportunity to conduct adequate discovery before the judgment was granted.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). It is favored and must be construed to accomplish these ends. *Id.* Defendants can file a motion for judgment "at any time" after suit has been filed. La.Code Civ.P. art. 966(A)(1). Summary judgment should be granted, if the parties have had the opportunity to conduct "adequate discovery" and the evidence shows there is "no genuine issue as

2

to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The mover has the burden of proof. When, as here, the adverse party will have the burden of proof at trial, the mover must show that an essential element to the adverse party's claim is lacking. La.Code Civ.P. art. 966(D)(1). The adverse party must then "produce factual support sufficient to establish" that a genuine issue of material facts exists or "that the mover is not entitled to judgment as a matter of law." *Id*. The allegations or denials in the adverse party's pleading will not defeat the motion. La.Code Civ.P. art. 967(B).

## DISCUSSION

The Laforges argue the trial court erred in granting summary judgment because the matter was in the trial court for such a short time before Everi Games and IGT filed their motion for summary judgment that they had not had sufficient time to conduct adequate discovery to defend the motion. They also urge that Everi's discovery responses show a need for further discovery to determine whether movable property it leased to the Golden Nugget caused or contributed to Mary's accident, such that Everi Games is liable to them for damages.

When Everi Games and IGT filed their motion for summary judgment, this matter had been pending in state court for less than three months (June 16-July 16, 2018, and March 27-May 20, 2019). Shortly after receipt of the motion, the Laforges propounded discovery to Everi Games, IGT, and other defendants. Within three days of receiving Everi Games' responses to their discovery, the Laforges filed an opposition to the motion for summary judgment, urging summary judgment was premature and seeking a continuance on the basis that removal of the litigation to federal court hampered their ability to conduct adequate discovery.

Everi Games and IGT supported their motion for summary judgment with affidavits in which their representatives averred that Everi Games and IGT:

(1) do not own and have never owned, in whole or part, the Golden Nugget;

(2) do not manage and have never managed the Golden Nugget;

(3) do not operate and have never operated the Golden Nugget;

(4) do not employ and have never employed anyone employed to work at the Golden Nugget and have never had any authority over the Golden Nugget premises;

(5) have never been aware or informed that any hazardous condition exists on the premises of the Golden Nugget.

Everi Games and IGT conclude that these affidavits make it clear that no legal basis exists for the Laforges' claims against them; therefore, the trial court did not err in rejecting the Laforges' contention that they had not had adequate time to conduct discovery, as required by La.Code Civ.P. art. 966(A)(3).

At the hearing on their motion for summary judgment, Everi Games and IGT observed that the nature of the Laforges' claims against them had changed from the time they filed their petition to the time of the hearing, pointing out that the Laforges sued them as owner or operator of the casino, not that equipment or movable property they leased to the Golden Nugget was defective and/or caused Mary's accident. Counsel for Everi Games and IGT suggested that granting summary judgment without prejudice would allow the Laforges the opportunity to pursue their claims against Everi Games and IGT if discovery showed they had viable claims against them.

The trial court questioned why the Laforges had not determined what caused Mary to trip and who the proper defendants were before filing suit. The trial court also asked what additional information they could discover about Everi Games and

4

IGT's "status" with discovery. The Laforges' counsel explained they were continuing to conduct discovery surrounding Mary's accident and had outstanding discovery to the Golden Nugget to determine if movable property Everi Games leased to the Golden Nugget played any role in the accident.

A motion to continue has been held to be the proper method for asserting that a motion for summary judgment is premature because the adverse party has not been able to conduct adequate discovery. *Roadrunner Transp. Sys. v. Brown*, 17-40 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265. Courts have also recognized that the need for additional time to conduct discovery and the circumstances delaying discovery can be documented in other pleadings. *Id.*

"When discovery is alleged to be incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow further discovery." *Roadrunner,* 219 So.3d at 1272. The trial court's denial of a request to continue the hearing on a motion for summary judgment in such circumstances is reviewed under an abuse of discretion standard. *Id.*

"Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case." *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd.*, 03-1600, pp. 3-4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969.

Recently, in *SBN V FNBC LLC v. Vista Louisiana, LLC*, 18-1026, pp. 8-9 (La.App. 4 Cir. 3/27/19), 267 So.3d 655, 662 (footnotes omitted), the fourth circuit further explained:

> [T]he Louisiana Supreme Court has instructed that "[u]nless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine

issue of fact." *Simoneaux v. E.I. du Pont de Nemours & Co.*, 483 So.2d 908, 913 (La. 1986). Consistent with that principle, the jurisprudence has recognized that, despite pending discovery requests, summary judgment is not premature when the issue presented is purely a legal one and additional discovery will not change the result. In that context, there are no genuine issues of material fact; and additional discovery would be fruitless. *See Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.1988)) (observing that "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim"). . . .

To determine whether additional discovery would be fruitless, a court must "look to the legal theories that might sustain the [non-movant's] claims." *Klingele*, 849 F.2d 409, 412 (9th Cir.1988); *see Smith*, 93-2512, p. 27, 639 So.2d at 751 (observing that materiality of a fact is determined based on applicable substance law).

The issues presented by the summary judgment and the Laforges' claims are not purely legal. Furthermore, the Laforges' limited discovery produced information showing that Everi Games may own the movable property on which Mary tripped. This may in turn lead to the discovery of additional information that will substantiate the Laforges' claims against Everi Games. Accordingly, additional discovery will not be fruitless.

The fourth circuit has developed the following test for courts to consider when determining the merits of an adequate discovery argument and a pending motion for summary judgment:

(i) whether the party was ready to go to trial,

(ii) whether the party indicated what additional discovery was needed,

(iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and

(iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.

*Bass P'ship v. Fortmayer*, 04-1438, p. 10 (La.App. 4 Cir. 3/9/05), 899 So.2d 68, 75. *See also, Roadrunner*, 219 So.3d 1265; *SBN*, 267 So.3d 655. In addition to these four factors, courts have considered whether the ability to conduct discovery was hampered by circumstances beyond the opponent's control. *Roadrunner*, 219 So.3d 1265.

No trial date has been set herein, and as a result of the removal to federal court, the litigation was pending in the trial court for less than three months before Everi Games and IGT filed their motion for summary judgment. The Laforges did not immediately propound discovery to all defendants upon remand, but they did so upon receipt of the motion for summary judgment. Additionally, responses to that discovery reveal the potential for Everi Games to be liable to the Laforges for their claims. Furthermore, as noted above, the Laforges' opposition to the motion for summary judgment urged the need for additional discovery and documented how their ability to conduct discovery had been hampered. Accordingly, we find the Laforges were unable to conduct adequate discovery before the hearing on Everi Games and IGT's motion for summary judgment and the trial court abused its discretion in not granting them a continuance to conduct additional discovery.

In closing, we address Everi Games and IGT's argument that because the trial court granted the summary judgment without prejudice, the Laforges can bring them back into this litigation if additional discovery reveals information sufficient to support a claim against them. *Jackson v. State Farm Mutual Automobile Insurance Co.*, 27,611, pp. 4-5 (La.App. 2 Cir. 12/6/95), 665 So.2d 661, 664, addressed the propriety of granting summary judgment without prejudice, stating:

7

When summary judgment is proper, the resulting judgment is final, granting a party part or all of the requested relief. [La.Code Civ.P. arts. 966 and 1915(A)(3).] The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party.

## DISPOSITION

For the reasons discussed, the trial court's judgment granting summary judgment in favor of Everi Games, LLC and IGT, LLC against Mary and Wayne Laforge is reversed. All costs associated with the motion for summary judgment are assessed to Everi Games, LLC and IGT, LLC.

**REVERSED.**